### ROSE *et al. v.* THE PARK BANK.

PROMISSORY NOTES.—LEX LOCI.—Where a note is made in *Indiana* by *A,* payable to the order of *B,* in the city of *New York,* and is indorsed by *B* in the latter place, and is then indorsed by *C* and *D* in *Indiana,* the liability of *A* and *B,* on such note, is governed by the law of *New York,* and that of *C* and *D* by the law of *Indiana,* and on such note *C* and *D* can not be sued until *A* and *B* have been sued, or a sufficient excuse assigned for the omission to sue them.

APPEAL from the *Laporte* Circuit Court.

*Per Curiam.*—Suit by the *Park Bank,* of *New York,* the holder of a promissory note, against *Rose,* the maker, and *Walker* and *Early,* indorsers.

The note and indorsement read thus:

$6,000.　　　　　　*Laporte, Indiana, September* 24, 1858.
Sixty days after date, I promise to pay to the order of *Sam-*

Rose et al. *v.* The Park Bank.

*uel Burson* 6,000 dollars, at the *Park Bank, New York,* value received.                                                    D. G. Rose.

Indorsed: *Samuel Burson, W. J. Walker.*

Pay *Park Bank, John Early.*

The evidence shows that *Burson* is dead; that he and *Walker* indorsed the note at *Laporte, Indiana,* but that *Early,* at least, the Court might infer so, indorsed the note in *New York.*

The only diligence used for the collection of the note from the maker was demand, protest, &c.

The law of *New York* governed this note as to *Rose* and *Early,* and the law of *Indiana* as to *Burson* and *Walker.* The latter two could not be sued till after suit against the maker, or a sufficient excuse for its omission. The judgment should be affirmed, with costs and one per cent. damages, as to *Rose* and *Early,* and reversed with costs, as to *Walker. Rose v. The Thames Bank,* 15 Ind. 292. See *Walker v. Ocean Bank,* 19 Ind. 247.

In determining the question upon the indorsement in this case, we have been governed by the rule laid down in *Cook v. Litchfield,* 5 Sandf. Rep. 330, which is this:

"The liability of an indorser of a promissory note, or bill of exchange, is governed in all cases by the law of the place where the indorsement is made; and by the indorsement we are to understand the contract itself, not the mere act of writing the name upon the back of the instrument. It matters not, when or where this may have taken place, since there is no indorsement, binding as a contract, until the note or bill is transferred to a third person, with the intent of enabling him to enforce its payment. The place of this effectual transfer, is, therefore, the place of the contract, and the law which there prevails governs its construction."

The judgment is affirmed, with costs and 1 per cent. dam-

---

ages, as to *Rose* and *Early*, and reversed with costs as to *Walker*.

*Bradley & Woodward* and *Colerick & Jordan,* for the appellants.

*John B. Niles,* for the appellee.