## HOUSTON *v.* BRUNER ET AL.

PROMISSORY NOTE.—*Indorser.*—*Evidence.*—Where one not a party to a note places his name on the back thereof, before, or concurrently with, the indorsement by the payee, he is liable as indorser, but his actual relation to the maker and payee, as between themselves, may be shown by parol evidence, though not so as to affect the rights of the holder.

SAME.—*Issue Between Parties to Promissory Note.*—*Practice.*—*New Trial.*— The rights of parties liable on a promissory note may be settled, as between themselves, in an action against them by the holder of the note, and a new trial may be granted upon this issue; but the plaintiff in the action on the note will not be delayed thereby, but may proceed to collect his judgment against the parties liable to him.

EVIDENCE.—*Cumulative.*—*New Trial.*—Evidence which goes to the same point, but is different in kind, is not merely cumulative, and may entitle a party to a new trial on the ground of newly-discovered evidence.

APPEAL from the Fayette Common Pleas.

WORDEN, J.—This was a complaint by the appellant against the appellees for a new trial. Demurrer to complaint filed by Bruner, for want of sufficient facts. Sustained, and exception. Final judgment for defendants for costs.

The material facts alleged in the complaint are the following: That the defendants, Emmet P. Houston and Augustus N. Bruner, were partners in the business of buying grain and the manufacture and sale of flour, and, for the purpose of carrying on their said business, they had occasion to borrow money, to enable them to do which, they solicited the plaintiff to become their indorser, to which he consented; that accordingly two several notes were prepared, at different times, each for the sum of one thousand dollars, signed by the defendant Bruner as maker, payable at the Bank of Brookville, to the order of the plaintiff herein, W. H. Houston, and indorsed on the back thereof by the defendant Emmet P. Houston. One of the notes bore date July 27th, 1869, and the other August 11th, 1869. The notes thus prepared were indorsed by the plaintiff herein to the bank, the defendants, Bruner and Emmet P. Houston, receiving the entire proceeds, and the bank, at the times of the several transactions, having notice of all the facts. The

bank sued all the parties to the notes, viz., Bruner and the two Houstons, and had judgment against all. Issues were joined and the question raised which will be hereafter noticed. This is the cause in which a new trial is asked. We do not discover from the averments in the complaint herein that any question was made as to the right of the bank to recover a joint judgment against all the parties. But in that suit, the defendant Bruner, by way of answer and cross complaint therein, alleged that he executed the notes as surety for the plaintiff herein and the said Emmet P. Houston, to which the plaintiff herein replied by denial. And the plaintiff herein answered, by way of cross complaint, that he was only an accommodation indorser and surety for said Bruner and Emmet P. Houston, and to this Bruner replied by denial. These issues, together with the others in the cause, were submitted to the court for trial.

The bank, to make out her case, introduced the notes and protests and rested.

Bruner, to support his allegations, testified that he and the plaintiff herein were partners in the business mentioned, and that said Emmet P. Houston was not a partner; that the agreement of partnership was made at the house of the plaintiff herein, in the month of July, 1869, in the presence of Emmet P. Houston; that he signed the notes as drawer on Emmet P. Houston, and William H. Houston, this plaintiff, became the indorser, as appears on the back of the notes; that the notes were so executed by the direction of this plaintiff, William H. Houston, who agreed to furnish all the money to run the mill; the notes were executed to raise money to run the mill with; that the mill was to be run by the witness, Bruner, and the plaintiff herein, as equal partners; that he, Bruner, signed the notes as security for the Houstons. He also introduced as a witness one —— Yeager, who testified that he was the miller of Bruner during the summer and fall of 1869, during which time William H. Houston frequently called at the mill and seemed to take a deep interest

in it, and asked how the mill was paying; said he had an interest in it, but did not say what it was.

Said Augustus N. Bruner introduced ———— Bruner, who testified that he was the brother of Augustus N.; was one of the millers for his brother in summer and fall of 1869, during which time he frequently saw William H. Houston at the mill; he seemed to take an interest in the mill; never knew him to buy any wheat for the mill, or sell any flour manufactured at the mill, or use the firm name.

He also introduced James Elliott, who testified that, in the fall of 1869, he went to the store of Emmet P. Houston, in Alpine, Fayette county, Indiana, in company with William H. Houston; went to the store for the purpose of purchasing an interest in it and examining the stock; in a conversation with William H. Houston at the store on this occasion, "he told me, as I understood him, that he had an interest in the mill, but did not say what it was."

This was all the evidence given by Bruner in support of the issues.

Thereupon, the plaintiff herein, on his own behalf, testified, that a short time before the execution of the first note, Bruner and Emmet P. Houston came to his house, and each of them, in the presence of each other, stated to the plaintiff herein that they had entered into partnership to buy and sell wheat, and manufacture and sell flour, at the town of Alpine, where they then resided, and that they wanted to borrow fifteen hundred or two thousand dollars for the purpose of conducting the business; plaintiff told them he had no money to loan, but that he would indorse for them, if they could raise the money in that way; that he thought the money might be procured at Brookville; they requested him to go to Brookville and see if the money could be procured; plaintiff agreed to do so, and in a few days afterward went to Brookville and made the arrangement for the money with the bank, and immediately informed them of the arrangement he had made for them; when he made the arrangement for the money, he told Mr. Hitt, the cashier of the

bank, that he was to indorse for them, and that one thousand dollars would be as much as they would need for a few days; Mr. Hitt then filled up the note, dated July 27th, 1869, as the same appears, which, on his return, he delivered to them, and they signed the same, as their names appear on the note; this was at the store of Emmet P. Houston, in the town of Alpine; after they had signed it, it was handed back to witness, who indorsed his name on the back of it; they then requested him to go to the bank and get the money, as he had a pass over the railroad and they had not; witness did so the next day, and returned to them the amount received from the bank; when they wanted the money for the second note, they called on witness at the store, and he indorsed it at their request as their security, and they negotiated it at the bank on the arrangement he had made at the bank as before stated; witness was not a partner with Bruner; had no interest in the business of the firm; the firm was composed of Augustus N. Bruner and Emmet P. Houston; they were partners alone; witness never bought any wheat, or sold any wheat or flour, for the firm; never used the name of the firm; never used any of the money obtained on the notes sued on; simply indorsed the notes as accommodation indorser for Bruner and Emmet P. Houston, which was known to the bank at the time she discounted the notes; Emmet P. is the son of the witness.

Plaintiff also introduced as a witness Emmet P. Houston, who testified substantially to the same facts as said plaintiff.

Plaintiff also introduced as a witness John R. H. Penny, who testified that he was acquainted with Augustus N. Bruner, Emmet P. Houston, and the plaintiff herein; lived in the town of Alpine in the summer of 1869; some time during that summer, Bruner and Emmet P. Houston called on witness to write a contract of partnership between them in the business of buying and selling grain and running the mill, and stated to him the terms of their agreement; the witness afterward drew up the agreement and gave it to Bruner, who, on reading it, took some exceptions to it;

agreement was left with Bruner, and witness has not seen it since; at that time, Bruner and Emmet P. Houston were engaged in the business of buying and selling wheat and running the mill, and they continued the business for some time afterward; witness occasionally bought grain for them during this time; never knew of William H. Houston having any interest in the firm, or transacting business for them.

This was all the evidence given in the cause. There was some further evidence offered by the plaintiff herein, but rejected. As no exception appears to have been taken to the rejection of the evidence, it need not be further noticed.

Upon this evidence, the court found for the plaintiff in the original action, the Brookville National Bank, against all the defendants therein, and ordered that the amount be first levied of the property of Emmet P. Houston, and if he had not sufficient, etc., then of the property of the plaintiff herein, and after the exhaustion thereof, then the residue to be levied and collected of the property of said Augustus N. Bruner. The finding and judgment of the court were rendered on the evening of the 24th of December, 1869, and immediately before the adjournment.

That after the rendition of the judgment, and before the close of the term, the plaintiff, for the first time, discovered that he could prove by one William Kerr, a competent witness, that he, said Kerr, was present and heard the conversation between this plaintiff and James Elliott at the store of Emmet P. Houston, and testified to by James Elliott, and that in said conversation this plaintiff told said Elliott that he had no interest in the mill, but did tell said Elliott that Emmet P. Houston had a half interest in said mill, and that the mill was then being run by Augustus N. Bruner and Emmet P. Houston. And also, after the rendition of the judgment and before the close of the term, the plaintiff, for the first time, ascertained that he could prove by one Augustus H. Wood, a competent witness, that about the 1st of December, 1869, the witness had a conversation with the defendant Bruner, in which conversation the defendant

Bruner said that his mill was closed up by attachment at the suit of the Brookville National Bank; that he and Emmet P. Houston were indebted to said bank on two notes, and that the plaintiff, William H. Houston, was their indorser on each of said notes, and that this plaintiff had caused the attachment suit to be commenced, in order to save himself as such indorser. Each of said witnesses resides in Connersville, in said county.

That previous to the rendition of the judgment, the plaintiff had no knowledge, information, or belief that either of said witnesses knew the facts, and would testify as above stated; that immediately upon ascertaining said facts, to wit, on the evening of the 24th of December, 1869, he informed his counsel thereof, and then and there in said court, in writing, moved said court for a new trial in said cause, and time was given to procure the affidavits of said witnesses and the affidavit of this plaintiff in support of said motion. The motion for a new trial embraced, as one of the causes, newly-discovered evidence.

It is further alleged, that upon the morning of the 25th of December, 1869, and before the plaintiff could procure the affidavits of the witnesses and his own affidavit in support of his motion, the court closed its term and adjourned, leaving the motion undetermined until the next term of the court; that subsequent to the December term, 1869, of said court, the plaintiff has ascertained that he can prove by John R. H. Penny, that about the 27th of August, 1869, said Penny had a conversation with the defendant Bruner, in which the latter stated to the witness that he, Bruner, and the defendant, Emmet P. Houston, had given two notes to the Brookville National Bank, and that this plaintiff, William H. Houston, was their surety or indorser on each of said notes. And also, after the close of said term, the plaintiff, for the first time, ascertained that he could prove by John W. Hitt, that in a conversation between Hitt and the defendant Bruner, subsequent to the making of the notes and before the commencement of the suit thereon, Bruner stated

to the witness that he, Bruner, and Emmet P. Houston were
partners.

The complaint alleges that the bank has issued an execu-
tion upon her judgment, and that the sheriff, Miller, is about
to seize property of the plaintiff to satisfy the same.

It is further averred that as soon as the plaintiff ascertained
that the defendant Bruner claimed to be a surety on the
notes for the plaintiff, he made diligent inquiry to ascertain
the statements of Bruner to the contrary, but was unable to
discover the newly-discovered evidence until the times here-
in stated.

Prayer, that the judgment be set aside and a new trial
granted, etc. The affidavits of the several witnesses were
filed as part of the complaint.

This suit was commenced on the 11th of March, 1870,
and before the next term of the court after the judgment
was rendered.

The question arises, whether the demurrer was properly
sustained to the complaint; in other words, whether the
plaintiff herein, on the facts stated, was entitled to a new
trial.

As between the original plaintiff and defendants there is
no ground for a new trial. It is alleged that, at the time the
bank discounted the notes, she had notice of the relations of
the parties to the paper. Such notice does not affect her
right to recover against all the parties. We have seen that
the notes were signed by Bruner as maker, and that made
him liable as such. They were payable to the order of the
plaintiff herein, and he indorsed them to the bank, whereby
he became liable as indorser.

Before or concurrently with the indorsement of the notes
by the payee, Emmet P. Houston placed his name on the
back of the notes, and this made him liable as maker or in-
dorser. We think the better opinion is that his liability was
that of an indorser. *Vore* v. *Hurst*, 13 Ind. 551. The notes
were dishonored, and protested for non-payment, and due
notice given, as well to Emmet P. Houston as to the plaintiff

herein, William H. Houston. Thus the liability of the in-
dorsers became fixed. The bank could have sued either the
maker or indorsers at her option; and their rights as between
themselves could not have, in any way, affected the bank as
holder.

The bank, having a complete right of action against the
indorsers as well as the maker, was authorized by statute to
bring a joint action against all. 1 G. & H. 451, sec. 16; 2
G. & H. 50, sec. 20.

But the defendants in the original action had the right, as
between themselves, to make up and try an issue as to
whether some were principals and others sureties, but these
proceedings, it is expressly provided, shall not affect the
proceedings of the plaintiff. 2 G. & H. 308, sec. 674. This
statute is as applicable to cases arising on bills of exchange
and promissory notes, as those arising upon other contracts;
and while parol evidence cannot be admitted to change the
legal effect of the instrument according to its tenor and the
relations of the parties to it, so as to affect thereby the rights
of the holder, yet such evidence is admissible, as between
the parties bound by the instrument, to show the real facts,
and that their relations, as between themselves, are different
from what they appear to be on the face of the paper. *Lacy*
v. *Lofton*, 26 Ind. 324.

Such issue was made up and tried in the cause in which
a new trial is sought; and the question is fairly presented
whether the plaintiff herein, on the showing he has made in
his complaint, is entitled to a new trial of that issue. He
has set out the evidence given on the trial of that issue, and
we may remark, although we have not had the benefit of
hearing the witnesses testify and observing their manner,
that the evidence on paper preponderates against the finding
below. It seems to us that the newly-discovered evidence
would most likely produce a finding or verdict the other way.
It seems to us also that due diligence is sufficiently alleged to
discover the evidence, and that the plaintiff herein is not in
default in that respect.

The newly-discovered evidence is not liable to the objection that it is cumulative merely. "Cumulative evidence is evidence of the same kind, to the same point. Thus, if a fact is attempted to be proved by the verbal admission of the party, evidence of another verbal admission of the same fact is cumulative; but evidence of other circumstances, tending to establish the fact, is not." 1 Greenl. Ev., sec. 2; *Humphries* v. *The Administrators of Marshall,* 12 Ind. 609. Tested by this rule it is apparent that the newly-discovered evidence was not merely cumulative. It went to the same point, but was different in kind.

We are of opinion that, on the facts alleged, the plaintiff herein was entitled to a new trial of the issues on the subject of suretyship, and that the demurrer of Bruner should have been overruled. It follows that the judgment will have to be reversed.

This ruling, however, will not affect the plaintiff in the original judgment, who can proceed in the collection thereof; and the defendants in the original action can proceed, as they may be advised, to settle their respective rights as between themselves.

The judgment below is reversed, at the costs of the appellee Bruner, and the court below directed to proceed in accordance with this opinion.

*B. F. Davis* and *B. F. Love,* for appellant.

*J. C. McIntosh* and *B. F. Claypool,* for appellees.