BRONSON *v.* ALEXANDER ET AL.

PROMISSORY NOTE.—*Indorser.*—A party who places his name on the back of a promissory note, payable in a bank of this State, before its indorsement by the payee, is *prima facie* to be regarded and treated as an indorser, and will be discharged from liability if not duly notified of the dishonor of the note.

From the Johnson Circuit Court.

*J. M. Overstreet* and *A. B. Hunter*, for appellant.

*S. P. Oyler* and *D. Howe*, for appellees.

DOWNEY, J.—Suit by the appellant against the appellees, on a promissory note dated March 17th, 1869, at twelve months, payable in bank.

It is alleged in the complaint, that Armstrong Alexander, William S. Ragsdale, and James M. Alexander, the defendants, on, etc., made their joint and several promissory note, signed by the said Armstrong Alexander on the face, and by

said defendants Ragsdale and James M. Alexander on the back thereof, and then and there delivered the same to Ely M. Bronson, and thereby promised, etc.; that afterward Ely M. Bronson assigned said note by indorsement to defendants Payne and Baldwin; and that afterward said Payne and Baldwin assigned the note by delivery to the plaintiff.

A copy of the note is filed with the complaint and made part of it, and it is averred that the note remains unpaid. Payne and Baldwin are made defendants to answer as to their interest in the note. Judgment by default was rendered against Armstrong Alexander, and Payne and Baldwin also made default. A general denial and several special paragraphs of answer were filed by Ragsdale and James M. Alexander. The issues were tried by the court, and, by request of the plaintiff, the court made and signed a special finding, and stated his conclusions of law as follows:

" The note was given for money loaned to Armstrong Alexander by the payee of the note. The note was executed and delivered by Armstrong Alexander when he received the money from the payee for which it was given, but with the understanding that Armstrong Alexander was to get another name or names on the note immediately or very soon thereafter. In pursuance of this understanding, the signatures of James M. Alexander and said Ragsdale, on the back of the note, were obtained under the following circumstances: The payee of the note and Armstrong Alexander went to the defendant James M. Alexander, and Armstrong Alexander said that he had got some money of the payee, and wanted said James to indorse the note. Bronson, the payee, said, ' Yes, I let you both have some money, and I thought it was but right to have some one go on the note.' Said James M. Alexander asked them where they wanted his name, and they said on the back of the note, and he so signed his name. The payee of the note and Armstrong Alexander then went to the office of the defendant Ragsdale, and said Alexander handed the note to Ragsdale and asked him to ' indorse ' it, and he signed his name on the back thereof. When James M. Alex-

ander put his name on the note, there was no other name on the back of it, and when Ragsdale put his name on the note there was no other name on the back than that of said James M. Alexander. Said James M. Alexander and said Ragsdale had no notice or information that the note was unpaid until April, 1871.

"Upon the foregoing facts, this court finds the law to be, that said James M. Alexander and William S. Ragsdale are not liable on said note as makers thereof, and not liable in this action." Judgment accordingly.

The question presented by the assignment of errors is as to the correctness of the conclusions of law. It may be that it would have been a better rule to hold, that persons placing their names on the back of a note, before its indorsement by the payee, should be conclusively held as makers. But such is not the rule as held by this court. On the contrary, the rule here is, that they are *prima facie* to be regarded and treated as indorsers. *Houston* v. *Bruner*, 39 Ind. 376; *Drake* v. *Markle*, 21 Ind. 433; *Sill* v. *Leslie*, 16 Ind. 236; *Snyder* v. *Oatman*, 16 Ind. 265; *Vore* v. *Hurst*, 13 Ind. 551; *Roberts* v. *Masters*, 40 Ind. 461.

There is nothing in the special finding tending in the least to show that the defendants James M. Alexander and William S. Ragsdale intended to become liable otherwise than as indorsers. As indorsers they were discharged for want of notice of the dishonor of the paper. Hence, the conclusions of the court were correct.

The judgment is affirmed, with costs.