NURRE ET AL. *v.* CHITTENDEN ET AL.

CONTRIBUTION.—*Principal and Surety.*—Where one of several sureties on a promissory note pays the debt of their principal, he may compel his co-sureties to contribute.

SAME.—*Endorser.*—*Promissory Note.*—A surety on a promissory note can not, on paying the same, exact contribution from an endorser thereof.

SAME.—One who places his name on the back of a promissory note thereby becomes liable, *prima facie*, as an endorser only.

SAME.—*Liability of Endorser.—Endorser Charged as Surety.—Evidence.*—The liability of one who is apparently an endorser only on a promissory note, as between him and a surety thereon, may be shown by the latter, even by parol evidence, to be that of a co-surety.

SAME.—*Burden of Proof.*—The burden of proof, to establish such liability, is on such surety.

SAME.— *Pleading.—Evidence.*—To establish such liability on the part of such endorser, it is not sufficient for such surety to allege and prove, that he executed such instrument in pursuance of a promise made, in the absence of such endorser, by the maker, that the latter would procure an additional surety on such instrument before delivering it, and that the endorser subsequently, but before its delivery, endorsed the same, knowing that it had been executed for the debt of the maker only, and that such surety had executed only as a surety.

SAME.—Evidence of a conversation had, in the absence of such surety, between such maker and endorser, in relation to the liability to be incurred by the latter by such endorsement, which was then and there made, is inadmissible to rebut evidence that his liability was that of a co-surety.

From the Vanderburgh Circuit Court.

*P. Maier, J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler,* for appellants.

*A. Iglehart, J. E. Iglehart, J. M. Shackelford* and *R. D. Richardson,* for appellees.

BIDDLE, J.—Complaint by P. B. Chittenden & Co., in their proper names, on two promissory notes, negotiable and payable at The National Bank of Evansville, Indiana, executed by Schopker, Bussing & Co. as principals, and H. Brommelhaus as their surety, and endorsed by Bernard Nurre. All the parties to the notes were made defendants below, but there is no controversy in the record between the defendants and the plaintiffs. All the questions presented arise between Brommelhaus and Nurre, two of the defendants, Nurre claiming that he is the endorser of Schopker, Bussing & Co. and Brommelhaus, who, as to the payees, are makers of the note, and Brommelhaus claiming that, although Nurre signed his name on the back of the note, he is a co-maker of the note as to the payees, and a co-surety of Schopker, Bussing & Co. with Brommelhaus.

It is necessary to keep in mind the difference in the liability between a surety who is a maker, which is unconditional, and the liability of an endorser, which is conditional upon the proper presentation of the note for payment, notice of non-payment, etc. Between co-sureties, where one pays the debt, contribution may be recovered; but between sureties and endorsers, the endorser is not liable to the surety for contribution.

Nurre filed his cross-complaint, making his codefendants parties thereto, alleging that the notes were executed before he endorsed them; that he is merely an endorser; and praying that the property of the makers may be exhausted before any levy is made against him.

To this cross-complaint Brommelhaus answered:

" That on the 15th day of January, 1874, the notes sued on and mentioned in the complaint were brought to this defendant, executed alone by defendants Schopker and Bussing, and this defendant requested to sign as surety, which he then refused to do, but afterwards consented to sign said notes as surety of said defendants Schopker and Bussing, upon the condition that they would procure another responsible party to sign said notes, and thereupon, with such conditions, he signed the same; thereupon defendant Nurre endorsed the same, well knowing that such notes were given for the indebtedness of Schopker and Bussing, and that this defendant was surety thereon; and this defendant avers, that said notes were payable to the order of the plaintiffs, and said defendant Nurre endorsed the same before they were endorsed by the plaintiffs, and before they were delivered to the plaintiffs; wherefore this defendant says, that said defendant Nurre is equally liable with him for said amounts; and he prays, that he may be declared co-surety with said Nurre, and the latter may be required to pay half of plaintiffs' claim, after the property of Schopker and Bussing is exhausted," etc.

Nurre demurred to this answer of Brommelhaus, for

want of facts therein stated. The demurrer was over-ruled, and exception reserved. This ruling is assigned as error, and presents the first and main question in the case.

By placing his name upon the back of the note, Nurre became liable, *prima facie*, as endorser, and nothing more. It was competent, however, as between the parties, for Brommelhaus to show by parol, that, although Nurre's name was upon the back of the note, he signed it as co-surety with Brommelhaus, and became liable as such ; but the onus of establishing this relation rests upon Brommelhaus. That Nurre endorsed the notes, knowing that they were given for the debt of Schopker and Bussing, that Brommelhaus was surety thereon, that such endorse-ment was made before the delivery of the notes to the payees, and before the payees endorsed them, will not make Nurre any thing more than an endorser. And surely the fact that Brommelhaus signed the notes as surety, upon the condition that another responsible party should sign them also as surety, and the other responsible party not being Nurre, and Nurre, as far as the averments show, not knowing any thing of such condition, will not make Nurre a co-surety with Brommelhaus.

We are of the opinion, that the court below erred in overruling the demurrer of Nurre to the answer to the cross-complaint. *Houston* v. *Bruner*, 39 Ind. 379 ; *Core* v. *Wilson*, 40 Ind. 204 ; *Schooley* v. *Fletcher*, 45 Ind. 86 ; *Schulz* v. *Klenk*, 49 Ind. 213.

Issues of fact were joined upon the pleadings, and the case submitted to the court for trial. The court found generally against the defendants, in favor of the plaintiffs, and that Nurre and Brommelhaus were co-sureties of Schopker and Bussing. A motion for a new trial was made, overruled, and exception reserved; and the case properly brought before us upon the evidence, which, as we think the court below erred in overruling the demur-

rer of Nurre to the answer of Brommelhaus, filed to the cross-complaint, we need not examine.

The following question arises on the assignment of a cross-error by the appellees:

While Nurre was on the stand as a witness, he was asked " to state what conversation was had, between the witness and Mr. Schopker, if any, at the store, and immediately preceding the endorsing of the notes by him, about the liability thereon." To this question Brommelhaus objected, but the court overruled the objection and allowed the witness to testify. Brommelhaus excepted to this ruling, and has assigned it as a cross-error.

There was no issue in the pleadings to which this evidence was applicable, except the issue between Brommelhaus and Nurre, and to this we think it was incompetent, as against Brommelhaus. He was not bound by what was said in a conversation between Nurre and Schopker, in his absence. *Keegan* v. *Carpenter,* 47 Ind. 597.

The judgment between the plaintiffs and defendants below is affirmed.

The judgment between Nurre and Brommelhaus is reversed, at the costs of Brommelhaus, and the cause is remanded, with instructions to sustain the demurrer of Nurre to the answer of Brommelhaus, filed to the cross-complaint of Nurre.