# BROWNING ET AL. *v.* MERRITT ET AL.

61   425
d164   684

PROMISSORY NOTE.—*Principal and Surety.*—*Cross-Complaint by Surety.*—*Pleading.*—In an action on a promissory note, against several alleged makers, a so-called " answer" by one of the defendants, alleging that he was merely surety for his co-defendants, and asking relief accordingly, amounts only to a cross-complaint against his co-defendants.

SAME.—*Appearance.*—*Allegations of Complaint Deemed True.*—Where, without filing any additional pleading, such defendant submits the cause for trial, every material allegation of the complaint must be taken as true.

SAME.—*Parol Evidence Establishing Character of Liability.*—*Maker.*—*Guarantor.*—Where a person, other than the payee, endorses a promissory note in blank, at the time of its execution, he thereby, *prima facie,* assumes the liability of an endorser only, but it may be shown by parol evidence, that his liability is that of a joint maker, or of a guarantor.

SAME.—*Law of Place.*—The maker of a promissory note payable in another State is liable according to the laws of that State.

SAME.—*Rate of Interest.*—*Law of Foreign State.*—*Excessive Damages.*—*Modifying Judgment.*—*Remittitur.*—*Practice in Superior Court.*—In an action, in the Superior Court, on a promissory note payable in another State, and bearing interest, but stipulating no rate, interest was calculated on the note, and provided for in the judgment, at the rate of seven per cent., though there was no allegation in the complaint, nor evidence on the trial, as to the rate of interest allowable in such case by the law of such State.

*Held,* that it was within the sound discretion of the Superior Court, on appeal to general term, to remand the cause to special term, with directions to allow the plaintiff to remit the interest allowed in the judgment exceeding six per cent., and to direct that the judgment be so modified as to bear interest at that rate.

From the Marion Superior Court.

*W. Morrow* and *N. Trusler,* for appellants.

*J. T. Dye* and *A. C. Harris,* for appellees.

HOWK, J.—This was a suit by the appellees, as plaintiffs, against the appellants, Robert Browning and George W. Parker and one Jacob H. Colclazer, as defendants, on a promissory note.

In the appellees' complaint, it was alleged, in substance, that, on March 7th, 1876, the defendant Colclazer, being indebted to Courvoisier, Wilcox & Co., executed to them his note for three thousand five hundred dollars, due four months after date, at the German-American National Bank, of New York; that the appellants Browning and Parker then and there endorsed said note, intending to become jointly liable thereon with said Colclazer; that, after the execution and delivery of said note to the said payees thereof, they endorsed the same before maturity, to wit, on March 15th, 1876, for value, to the appellees,

who were the holders and owners thereof; that said note was due and unpaid, and that, by the terms of said note, the drawers and endorsers thereof severally waived presentment for payment, protest, or notice of protest and non-payment of said note; and that said note was delivered in New York, and provided for five per cent. attorney's fees, if suit was brought thereon; and a copy of said note, with the endorsements thereon, was filed with and made part of said complaint. Wherefore, etc.

At the October term, 1876, of the court below, at special term, the appellants Browning and Parker appeared and filed what was called their answer in this action. In this so-called answer, the appellants alleged, in substance, "that they endorsed said note, as surety for Jacob H. Colclazer and Courvoisier, Wilcox & Co., of New York; that the said Jacob H. Colclazer was and is the principal in said note, and received the full benefit thereof, and that no part of the consideration was received, at any time, by these defendants or either of them, and that they are accommodation endorsers only. Wherefore they ask an order that said judgment be made out of the property of said defendant Colclazer."

The defendant Colclazer made default, and the cause was then submitted to the court for trial, and a finding was made for the appellees, in the sum of three thousand seven hundred and eighty-five dollars and seventy-one cents, and that the appellants Browning and Parker were sureties on said note; and judgment was rendered on said finding. Afterwrrd, at the same term of the court, the appellants moved the court in writing for a new trial of this action, which motion was overruled, and to this decision they excepted, and appealed from said judgment to the court below, in general term. In this latter court, the appellees " having offered to remit one hundred and eighty-four dollars and forty-one cents of the judgment, and having agreed that it should be so modified as to draw six per cent. interest, the judgment of special term

is affirmed, except as to the amount of one hundred and eighty-four dollars and forty-one cents, and as to the rate of interest."

The cause was remanded to the special term, with instructions to allow the appellees to enter a remittitur for one hundred and eighty-four dollars and forty-one cents, and to so modify the judgment as that the rate of interest should be six per centum.

To this judgment of affirmance, the appellants excepted, and appealed therefrom to this court.

The appellants have assigned as errors the judgment and orders of the court below in general term. In this latter court, the only error properly assigned by the appellants was the decision of the court in special term, in overruling their motion for a new trial. The causes for such new trial assigned by the appellants were as follows:

"*First.*   The judgment of the court is not sustained by the evidence;

"*Second.*   The judgment of the court against them is contrary to law;

"*Third.*   The excessive damages;

"*Fourth.*   Error in the assessment of the amount of recovery, being too large; and,

"*Fifth.*   Error in the judgment, in this: the judgment draws seven per cent. by its terms, when six per cent. is the legal rate."

It will be seen, from the record of this cause, that the appellants Browning and Parker did not controvert nor call in question any of the averments of the appellees' complaint, in their so-called answer thereto. In truth, it is a misnomer to call the pleading filed by the appellants in this action an answer. It was the "written complaint" of the appellants, against their co-defendant, Jacob H. Colclazer, under the provisions of section 674 of the practice act. 2 R. S. 1876, p. 277. The relief asked for by the appellants, in their said complaint, was the relief provided in such a case in section 675 of the

practice act. 2 R. S. 1876, p. 279; *Joyce* v. *Whitney*, 57 Ind. 550. There was, therefore, no answer filed by the appellants to the appellees' complaint in this case, although the appellants appeared, and, with the appellees, submitted the cause to the court for trial and finding. Under such circumstances, "every material allegation of the complaint" must, "for the purpose of the action, be taken as true." 2 R. S. 1876, p. 71, sec. 74. Where, as in this case, such a note as the one in suit is endorsed, concurrently with its execution, and at or before its delivery to the payee thereof, by persons other than such payee, the liability assumed by such endorsers, though presumptively that of endorsers merely, may be shown by parol evidence to be the liability of joint makers, or of guarantors, of the note, according to the intention of the parties and the facts of the case. This is the law in this State, as settled by numerous decisions of this court. *Vore* v. *Hurst*, 13 Ind. 551; *Sill* v. *Leslie*, 16 Ind. 236; *Snyder* v. *Oatman*, 16 Ind. 265; *McGaughey* v. *Elliott*, 18 Ind. 121; *Drake* v. *Markle*, 21 Ind. 433; *Houston* v. *Bruner*, 39 Ind. 376; *Roberts* v. *Masters*, 40 Ind. 461; *Bronson* v. *Alexander*, 48 Ind. 244; and *Nurre* v. *Chittenden*, 56 Ind. 462.

In the case at bar, the allegation in the appellees' complaint, that the appellants "Parker and Browning then and there endorsed said note, intending to become jointly liable thereon with said Colclazer," the maker of said note, was a material allegation; and, not having been "specifically controverted" by the appellants, this allegation must "be taken as true." It follows therefore, that, under the pleadings in this action, the appellees were clearly entitled to a finding and judgment against the appellants for the amount due upon the note in suit, which was, under the evidence in the record, the principal of said note and interest thereon, from and after its date, at the rate of six per centum per annum, as no rate was specified in said note, less a credit of thirty-six dollars

and twenty cents, on the 10th day of July, 1876. The amount of the appellees' recovery, therefore, was merely a matter of computation.

The note was payable in New York, where the rate of legal interest on such a contract, as is generally known, is seven per centum per annum. The statute of New York, prescribing the rate of interest on such a note, was not set up by the appellees in their complaint, nor did they prove the law of New York, on the trial of this cause. It is claimed in argument by the appellants, that their contract was made in and governed by the law of this State. This would be so, perhaps, if their contract was merely that of endorsers. *Hunt* v. *Standart,* 15 Ind. 33, and *Rose* v. *The Park Bank,* 20 Ind. 94. But if, as the record shows, the contract of the appellants was that of joint makers of the note in suit, then they were liable according to the law of New York, where their note was payable. *Hunt* v. *Standart, supra.* It seems, that, in the assessment of the amount due on the note sued on, interest was computed at the rate of seven per centum per annum, without either an averment or evidence that such rate was the legal rate in New York; and the court ordered that its judgment should bear interest at the same rate, from the date of the rendition thereof.

In their motion for a new trial, the appellants assigned these errors of the court, in relation to the interest on the note, as causes for such new trial; but the motion was overruled by the court, in special term. When the cause was before the court below, in general term, as we have seen, the appellees having offered to remit one hundred and eighty-four dollars and forty-one cents of the judgment, and having agreed that it should be so modified as to draw six per cent. interest, the judgment of the special term was affirmed, except as to said sum of one hundred and eighty-four dollars and forty-one cents, and as to the rate of interest.

It is earnestly insisted by the appellants' counsel, that " The appellees should have entered their *remittitur* and modified their judgment, when the error was pointed out by the appellants in their motion for a new trial, at special term, and that it was too late for them to do so after the case was appealed, and the record, assignment of errors, brief and submission had been made, at general term." There is certainly much force and good sense in this position of counsel, as the case was presented to the court below, in general term. But the court, in general term, saw proper to accept the appellees' offer of a *remittitur* of the excessive damages, and to modify the judgment as to the rate of interest it should bear, as we think that court had the right to do, in the exercise of its discretion, and affirmed the judgment of the special term on that offer. The question presented for our consideration is, whether the judgment, as affirmed by the general term, is or is not erroneous. By the judgment of affirmance, the damages assessed at the special term were reduced by the *remittitur* of one hundred and eighty-four dollars and forty-one cents, and the rate of interest on the judgment was reduced to six per centum per annum. The appellants do not claim, in this court, that a larger sum should have been remitted, or that there should have been a larger reduction of the rate of interest. It may be assumed, therefore, that the judgment, as affirmed by the general term, is for the right amount, and now draws the legal and correct rate of interest. In our opinion, the appellees' offer of a *remittitur*, and their consent to the modification of the judgment, were peculiarly addressed to the sound discretion of the court, in general term; and we can not say that the court erred in the exercise of that discretion. The case comes to us on an appeal from the judgment of the court, in general term, and in that judgment the damages do not appear to be excessive, and the rate of interest thereon is six per centum per an-

num.   We find no error in the judgment  of the court below, in general term.

The judgment of the court, in general term, is affirmed, at the appellants' costs.