Joseph S. Buckles and John W. Ryan, for appellee.

---

### JOHN KEALING AND SAMUEL KEALING v. JAMES M. VANSICKLE.

1. *Parol Evidence as to Liability of an Indorser.*—The *prima facie* liability of an indorser is controllable by proof that a different liability was intended.

2. *Mutual Intent at the Time of the Contract Fixes its Character.*—A contract of indorsement or suretyship is fixed at the moment of its complete execution, that is, upon its delivery; and nothing said or done, by either party, afterwards, can change the character of it, though it might be used as evidence on the subject. Whether the contract is one of indorsement or suretyship depends not on the intent of one of the parties, but on the mutual understanding and intent of both. This kind of contract is not an exception to the rule which requires the consent of both parties.

3. *Special Findings.*—Special findings by a jury or a court must find facts only, and not mere items of evidence.

4. *Conclusions of Law.*—And conclusions of law must embrace matters of law only, and not, in part, matters of fact which should be found as such.

Filed May 27, 1881.

Appeal from Marion Superior Court.

Opinion of the court by Mr. Justice Woods.

The error assigned is that the court, at general term, erred in reversing the judgment at special term.

The suit was brought by the appellee against the appellants and James A. Kealing upon a promissory note, made by said James to the appellee, whereby one year after the date of August 4, 1875, said James promised to pay to the order of the appellee, seven hundred and fifty dollars value received, payable at Fletcher and Sharpe's bank, at Indianapolis, without any relief from valuation or appraisement laws, with ten per cent. interest. The appellants indorsed their names on this note before its delivery to the payee. The complaint is in several paragraphs, and seeks in one to charge the appellants, as sureties for the maker, in another, as guarantors, and in another as indorsers. The court, by request, made a special finding, and stated its conclusions of law thereon as follows:

"That, on the fourth day of August, A. D., 1875, the said defendant, James A. Kealing, delivered to the plaintiff, Vansickle, a promissory note, for the sum of seven hundred and fifty dollars, payable twelve months after date, with ten per cent. interest; that said note was commercial paper, payable in bank, and had the name of the defendant, James A. Kealing, signed at the bottom, and the names of the defendants, Samuel Kealing and John Kealing, signed on the back thereof; that, upon said note, thus signed, the plaintiff loaned said James A. Kealing, the sum of $750, of which said Samuel and John received no part, having signed said note for the accommodation of said James A. Kealing; that the plaintiff did not see said defendants, Samuel and John, sign said note, nor have any conversation with them, or either of them, until after the maturity of said note, and but a short time prior to the commencement of this action; that said note was not protested at maturity, nor other notice of non-payment thereof given to the defendants, Samuel and John; that no part of the principal or interest of said note has been paid; that long after the maturity of the note, and a short time before the commencement of this action,

in two different conversations, Samuel and John Kealing stated that they were security for their brother James, upon said note; that, in a separate conversation since the suit was commenced, the defendant, John, stated that he was security for James upon said note; that, a short time prior to the commencement of this suit, both Samuel and John offered to become security for James A., upon a new note, running eighteen months, which the plaintiff declined to accept.

"And as matters of law, the court finds, that said Samuel and John Kealing are *prima facie* indorsers upon said note, and James A. Kealing is the maker; that said Samuel and John indorsed said note before the same was delivered to the payee; that said note has not been negotiated, but is still owned by the payee; that the proof does not show that Samuel Kealing and John Kealing, by their indorsement of said note, intended to bind themselves as sureties, or in any other or different character than as indorsers; that by the neglect of the plaintiff to notify said Samuel and John of the non-payment of said note, at maturity, they were discharged from liability thereon; that said Samuel and John have not, by any new promise or admission, waived their rights to insist upon such discharge from liability in this action; that the plaintiff is entitled to judgment for the full amount due on the note against James A. Kealing, and said Samuel and John are entitled to judgment for costs."

To each of these conclusions the plaintiff excepted, and filed motions for a *venire de novo*, and for a new trial, and reserved exceptions to the overruling thereof.

The court, at special term, gave judgment according to the conclusions of law, as stated; but this judgment the court at general term reversed as to said Samuel and John Kealing, and ordered judgment against them for the full amount due on the note. In explanation of the theory on which the court reached its conclusion, from which one of the judges dissented, we make the following extract from the opinion of the majority of the court: "It is apparent, then, that *prima facie*, John and Samuel Kealing were indorsers on the note sued on, and it is also true that this presumption may be removed by parol evidence to the contrary. Do the facts as found by the court, establish the relation of these defend-

ants to be sureties rather than indorsers? In our opinion they do. On the one hand is the presumption of the law unsupported by any circumstance or fact, while on the other is the affirmative evidence of their admissions that they signed as security for their brother and for his accommodation alone. The term security is synonymous with surety * * *. In *Sill* v. *Lestie*, 16 Ind. 237, (see also *Robinson* v. *Lyle*, 10 Burk 512) the presumption * * * of the liability of an indorser and nothing more, was held to be overcome by evidence that the presumed indorser had, in a conversation with the plaintiff, and in response to a question by him if he did not sign the note, replied, ' Yes, he signed as surety.' "

" We are of opinion, therefore, upon the facts as found by the court, that the defendants John and Samuel Kealing assumed the relation of sureties on the note in suit, and as such were not entitled to notice of non-payment thereof, but are liable jointly with their principal, James A. Kealing."

We do not dissent from the propositions of law advanced by the superior court in reference to the *prima facie* liability of the indorser in such cases being controllable by proof that a different liability was intended; *Browning* v. *Merritt*, 61 Ind. 425; but we think that a proper analysis of the facts found will not warrant the conclusion reached that a different liability was intended by the parties in this case.

In the first place, it is a mistake to say that " on the one hand is the presumption of law, unsupported by any circumstance or fact." It is found, expressly, that the plaintiff did not see said defendants, Samuel and John, sign said note, nor have any conversation with them, or either of them, until after the maturity of the note, and but a short time before the commencement of this action ; and as it is the office of a special finding to state what was proven, *ex parte Walls* (at last term), it is impliedly found that there was no communication passed between the parties showing that said defendants intended to incur, or that the plaintiff intended to accept from them, any other liability than what was apparent from the paper itself.

The character of the contract in question became fixed at the moment of its complete execution, that is, upon its delivery to the plaintiff, and nothing done or said by either party at a subsequent

time could change that character, though it might be used as evidence on the subject.    Whether the contract was one of indorsement or suretyship depended not on the intent of one of the parties, but on the mutual understanding and intent of both.   This kind of contract is not an exception to the rule which requires the consent of both parties; and unless, therefor, it is made apparent from the facts found that both the plaintiff and said defendants, Samuel and John, intended that their liability should be that of suretyship, the conclusive legal presumption is that they all intended a contract of indorsement.    The paper as delivered evidences that contract and in the absence of evidence of a different mutual understanding, must, from necessity, be deemed controlling.   Now it certainly cannot be inferred, as a legal conclusion from the facts found, that there was a mutual understanding between the parties at the time the note was delivered to the plaintiff and he advanced his money thereon, that the indorsers should be bound by any other contract than that evidenced by the note and indorsements as delivered.

Suppose that, instead of being as it is, the note had contained a clause waiving presentment for payment, protest and notice thereof, and that the plaintiff was seeking to hold them as indorsers, could it be successfully asserted that on the facts as found (with the exception supposed) said defendants were not indorsers, but sureties only?

*Still* v. *Leslie*, cited *supra*, does not go to the extent claimed for it.   The note in that case was executed in the same form as the note in this case, but the complaint in a single count charged all the defendants as makers.   The finding on verdict was general, not special, and on the evidence stated this court refused to disturb the verdict for the plaintiff.   This is by no means equivalent to saying, as matter of law, that such a declaration of one of the parties overcomes the legal presumption arising from the form of the contract. In that case, the complaint, which declared on the contract as one of suretyship only, may have been deemed to manifest the plaintiff's understanding that such was the contract, and the defendant having so declared his understanding, there was evidence on which the jury may well have inferred that the parties mutually so understood the contract when it was made.   But, in the case at bar, there is no finding, nor anything in the pleadings, from which it can with

any certainty be inferred that the plaintiff regarded the liability of said defandants as anything else than that of indorsers.

The complaint charges them in the three capacities of indorsers, sureties and guarantors, and furnishes no ground for an inference of the plaintiff's original understanding and intention; and, as already stated, having received the paper, without notice that the indorsers intended any thing else than indorsement, the only reasonable, if not the conclusive presumption, must be that he accepted the paper, intending to hold them as indorsers only.

Aside from those considerations, the order of the court in general term that judgment be given on the special finding for the plaintiff against said Samuel and John, for the full amount of said note, was erroneous. The special finding and the conclusions of law thereon are not properly constructed. The finding, in part, does not find the fact, but only evidence thereof, and the conclusions of law, as stated, are not matters of law entirely, but, in part, are matters of fact which should have been found as such.

In so far as the finding shows that the plaintiff did not see said Samuel and John sign the note, and had no conversation with them until after the maturity thereof, and that said defendants stated in two conversations that they were security for their brother on said note, it is a finding not of fact in any proper sense, but only of items of evidence which tend to show the fact which ought to have been found as such, namely, the capacity in which the parties mutually intended that said Samuel and John should be bound. There was no harm in, though no necessity for, stating those items of evidence in the finding, but without stating the conclusion of the court in reference to the ultimate fact which was in issue, according as the court deemed the evidence to preponderate, the finding was imperfect.

The court did find, " as matter of law," that said Samuel and John Kealing are *prima facie* " indorsers upon said note," and " that the proof does not show that, by their indorsement, they intended to bind themselves as sureties, or in any other or different character than as indorsers;" but their intention in this respect, as well as the intention of the plaintiff, was matter of fact, which should have been found as such. It is plain, that the finding of it, as matter of law, is not the equivalent of a finding of the fact.

On account of those defects in the finding, and in the statement of legal conclusions, instead of ordering judgment for the plaintiff, as against said Samuel and John, the order should have been, that the motion for a *venire de novo* be granted as to said defendants.

The judgment is, therefore, reversed, with costs and with instruction to grant the motion for a *venire de novo*, as against the said defendants, Samuel and John Kealing.

Finch & Finch for appellant.

A. F. Denny, for appellee.