Filed April 14, 1886.

---

No. 12,479.

## HOUCK v. GRAHAM ET AL.

PROMISSORY NOTE.—*Surety.*—*Alteration.*—*Contribution.*—A surety who pays a promissory note which he could defeat because of an alteration by the addition of the name of another maker, without his consent, may compel contribution from co-sureties who subsequently signed the note.

SAME.—*Irregular Endorsement.*—*Parol Evidence to Show Relation Between Obligors.*—In the case of an irregular endorsement, the relation to each other of those liable on the note may be shown by parol evidence.

SAME.—*Presumption of Co-Suretyship.*—Where parties appear to be sureties, they will be presumed to be co-sureties.

SAME.—*Who are Co-Sureties.*—Persons who endorse a promissory note, not in the regular course, to give the maker credit, and who have knowledge that a person whose name is attached as maker is in fact surety, are co-sureties with the latter, and bound to contribution.

PLEADING.—*Character of Determined by Facts and not Prayer.*—The facts stated, and not the prayer for relief, determine the character and theory of a pleading.

From the Sullivan Circuit Court.

*C. E. Barrett, J. T. Hays* and *H. J. Hays,* for appellant.

*J. S. Bays, J. T. Beasley, A. B. Williams, S. C. Coulson* and *W. S. Maple,* for appellees.

ELLIOTT, J.—The material allegations of the second and third paragraphs of the appellant's complaint are substantially the same, and may be thus summarized: That Hostetler and Williams were partners, and as such had executed a

promissory note for five hundred dollars to the Sullivan County Bank, upon which Shields and Beasley were sureties; that on the 19th day of May, 1883, the note was due and unpaid; that Hostetler and Williams were then insolvent, and have since so continued; that in renewal of the unpaid note that set forth in the complaint was executed, payable to W. H. Crowder, president; that the note last mentioned was signed by Hostetler and Williams, and by the appellant immediately below their names; that it was then taken to the officers of the bank, who refused to accept it; that thereupon Hostetler and Williams, without the knowledge or consent of the appellant, solicited Sanford Graham to sign it; that he did sign it, and it was again presented to the bank officers, and again rejected; that, without the knowledge and consent of the appellant, Hostetler and Williams induced Ephraim Beasley and David Shields to sign the note on the back; that this was done without the consent or knowledge of the appellant, and prior to its delivery to the bank; that Beasley and Shields knew that the note was executed for the purpose of renewing the note on which they were sureties; that after the note had been thus signed on the back by Beasley and Shields, it was accepted by the bank in payment of the note previously executed, and of this Beasley and Shields had notice; that after the note became due it was paid by appellant; that when he paid it he did not know that he was released, but believed that he was liable on the note. Prayer for contribution from Shields and Graham.

It is established by our decisions, that, as a general rule, the addition of a name to a promissory note, without the knowledge of a surety, is such an alteration as releases him from liability. *Nicholson* v. *Combs*, 90 Ind. 515 (46 Am. R. 229); *Favorite* v. *Stidham*, 84 Ind. 423; *Bowers* v. *Briggs*, 20 Ind. 139; *Henry* v. *Coats*, 17 Ind. 161; *Harper* v. *State*, 7 Blackf. 61.

This, however, is a general rule, and applicable to a controversy between the payee and the makers and endorsers, or sure-

ties, of the note. Even in such cases, it is not without limitations, but we need not here define those limitations, for the reason that in this instance the general rule can have no application at all in favor of the parties who endorsed the note after it was signed by the appellant. The question here is very different from that presented in ordinary cases, since here the party who had a right to complain voluntarily ratified the execution of the note and paid it in full. It seems quite clear to us that those who signed or endorsed the note after it had been signed by the appellant and by the party whose name was added as a maker without his knowledge, can not successfully insist that he has no rights because he did not resist the enforcement of the note. We can conceive of no reason why the appellant had not a right, at least as against those who became liable on the note after he had signed it, and after the name of another maker had been affixed, to ratify the execution of the note. This he did in the most emphatic way. Our decision on this point is, that the fact that the appellant might have successfully resisted the enforcement of the note does not of itself deprive him of a right to contribution from those who occupied towards him the relation of co-sureties. If the appellees were sureties on the note they were liable to the payee, although as to some of the prior parties the note was invalid. *Hunter* v. *Fitzmaurice*, 102 Ind. 449; *Helms* v. *Wayne Agr'l Co.*, 73 Ind. 325 (38 Am. R. 147). Their liability was, therefore, not affected by the fact that the appellant might, had he so elected, have defeated the collection of the note. Payment of the note did not injuriously affect the rights of the appellees, for they, as subsequent parties, were bound, although the appellant might have escaped liability had he stood upon his legal rights, and hence his adoption of the note did them no injury. *Bowser* v. *Rendell*, 31 Ind. 128. The ruling of the trial court on the demurrer to the complaint can- not, therefore, be sustained on the ground that the failure of the appellant to contest the enforcement of the note bars him of all right to sue for contribution.

A more difficult question than that decided remains, and that is this: Can the appellant be regarded as a co-surety with the appellees? It is by no means every case of suretyship in which there is a right to contribution; on the contrary, this right exists only where the relation of the parties is that of co-sureties. Brandt Suretyship and Guaranty, sections 220, 225; Baylies Sureties, 321; *Salyers* v. *Ross*, 15 Ind. 130. If the parties can be regarded as co-sureties, then the appellant has a right to contribution; otherwise he has no such right.

Very many authorities are cited by counsel to prove that the endorsement of a note can not be so explained by parol evidence as to show that the liability assumed was that of maker or surety. These authorities would be in point if the endorsement had been regular, and if the controversy were between the holder of the note and the parties liable upon it; but they are not in point here, where the controversy is between the parties liable upon the note and the endorsement is an irregular one. Counsel for appellee mistake the point of the controversy and discuss a question entirely foreign to it, for the point upon which this case turns is whether the relation between those liable on the note may, as between themselves and in respect to such an endorsement as that made by the appellees, be shown by parol evidence. The general rule undoubtedly is that the relation of the parties liable upon a promissory note to each other may be shown by oral testimony. *Dunn* v. *Sparks*, 7 Ind. 490; *Lacy* v. *Lofton*, 26 Ind. 324; *Nurre* v. *Chittenden*, 56 Ind. 462; *Bowser* v. *Rendell*, 31 Ind. 128; *Core* v. *Wilson*, 40 Ind. 204; *Houston* v. *Bruner*, 39 Ind. 376, see p. 383; *Harshman* v. *Armstrong*, 43 Ind. 126; *Schooley* v. *Fletcher*, 45 Ind. 86; *Baldwin* v. *Fleming*, 90 Ind. 177, see p. 180; *Wells* v. *Miller*, 66 N. Y. 255; *Blake* v. *Cole*, 22 Pick. 97; *Monson* v. *Drakeley*, 40 Conn. 552 (16 Am. R. 74); *Craythorne* 'v. *Swinburne*, 14 Vesey, 160; *Oldham* v. *Broom*, 28 Ohio St. 41; *Adams* v. *Flanagan*, 36 Vt. 400.

The doctrine of the case of *Norton* v. *Coons*, 2 N. Y. 33, has been often denied, and in effect, though not in terms, is overruled by the case of *Wells* v. *Miller, supra,* so far as it decides any point relevant to the present discussion. Some expressions found in *Armstrong* v. *Harshman,* 61 Ind. 52 (28 Am. R. 665), seem to indicate a different rule from that here stated by us and sustained by the authorities referred to, but there was no question before the court which rendered it necessary to decide anything upon the point, for the court said: "No evidence of such contract was given in the cause. Indeed, the case was tried on the theory that such contract was unnecessary."

Assuming that the general rule is, that the relations between the parties liable on the promissory note may, as between themselves, be shown by parol, our next inquiry is whether this case is within the operation of that rule. *Prima facie,* the liability assumed by the appellees was that of endorsers, and the questions are: 1st. Can the appellant be permitted to show that the appellees were sureties and not endorsers? 2d. Do the facts pleaded show that they were sureties? Of these in their order.

We think that the appellant had a right to show that the appellees were sureties, and not endorsers. It seems clear from the authorities to which we have referred that this would be so even if the names of the appellees had followed that of the payee; indeed, this is expressly decided in some of the cases cited. *Lacy* v. *Lofton, supra; Nurre* v. *Chittenden, supra.* But, in this instance, the names of the appellees do not follow that of the payee, for the payee's name appears only in the body of the note. It is, therefore, as we intimated, an irregular endorsement. As between the payee and parties liable on the note, it was competent to show that the appellees placed their names upon the note as makers.

In *Browning* v. *Merritt,* 61 Ind. 425, it was said of the rule just stated, that "This is the law in this State, as settled by numerous decisions of this court." In support of

this statement the court cited the cases of *Vore* v. *Hurst*, 13 Ind. 551, *Sill* v. *Leslie*, 16 Ind. 236, *Snyder* v. *Oatman*, 16 Ind. 265, *McGaughey* v. *Elliott*, 18 Ind. 121, *Drake* v. *Markle*, 21 Ind. 433, *Houston* v. *Bruner*, 39 Ind. 376, *Roberts* v. *Masters*, 40 Ind. 461, *Bronson* v. *Alexander*, 48 Ind. 244, and *Nurre* v. *Chittenden, supra.* Other decisions of this court assert the same doctrine. *Armstrong* v. *Harshman, supra; Stack* v. *Beach,* 74 Ind. 571 (39 Am. R. 113) ; *Smythe* v. *Scott, post,* p. 245. The decision in *Kealing* v. *Vansickle,* 74 Ind. 529 (39 Am. R. 101), does not conflict with the rule affirmed in the cases cited, as appears from what was there said in approval of *Browning* v. *Merritt, supra,* and, indeed, from the entire scope of the opinion.

The facts stated in the complaint, and conceded by the demurrer to be true, show that the parties to the note, except Hostetler and Williams, were sureties, for they signed and endorsed the note to give Hostetler and Williams credit, and not in the regular mode. The rule is that where parties appear to be sureties they will be presumed to be co-sureties.

In *Warner* v. *Price,* 3 Wend. 397, it was said : " They must all be considered co-sureties unless a state of facts be shown to the court from which it shall appear positively, or by legal intendment, that these defendants intended, as to the subsequent signer, to stand in the character of principals." *Bagott* v. *Mullen,* 32 Ind. 332 (2 Am. R. 351) ; *McNeil* v. *Sanford,* 3 B. Monroe, 11.

The presumption, therefore, is in favor of the appellant if he can be regarded as a surety at all, and of this there can be no doubt, for it is averred that the appellees knew that the note was given in renewal of a note executed by Hostetler and Williams, and on which they were themselves sureties. They, and not the appellant, were liable on the note which the note now in controversy was executed to pay, and a burden was lifted from them. Equity would seem to require that they rather than the appellant should suffer, for they knew that their principals, for whom they were already bound,

were insolvent, and they knew, also, that the note signed by the appellant was executed to pay the debt on which they stood as sureties for insolvent principals. The facts create a strong equity in favor of the appellant, and show that he has a just claim to compel contribution. It was known to the appellees that the appellant was a surety, but if it had not been known he might have shown that fact.

In the well considered case of *Monson* v. *Drakeley*, 40 Conn. 552, it was said: " If several persons or sets of persons enter into contracts of suretyship which are the same in their legal operation and character, though by different instruments, at different times, and without the knowledge of each other, they will be bound to mutual contribution. 1 Leading Cases in Equity, 156, and cases there cited. So far as mutuality in contribution in fact exists, it does not depend on the relation of joint makers of an obligation, but entirely on that of co-suretyship. The signature of a surety is not joint in its character but several, and co-sureties may sign the paper at different times, and indeed different papers, and in ignorance of the undertakings of each other, and still preserve their mutuality with respect to contribution. A party may be so situated as not to be liable to the holder as a maker, and therefore not in a condition to seek contribution from other parties who are sureties, and still retain to them such a relation that in the event of payment by one of them he will be liable to contribute." The decision in the case from which we have quoted goes much further than we need do here, for here it appears that the parties who placed their names on the back of the note knew that the party who now claims contribution was a mere surety. They knew, indeed, more than this, for they knew that the debt for which the note was executed was one for which they themselves were liable as sureties for insolvent principals, and that their names were required in order to induce the creditor to accept the note in payment of that previously executed.

We can not agree with appellant that he has a right to collect the full amount of the note from the appellees Shields and Beasley. The utmost that he can claim is that they were co-sureties with him for Hostetler and Williams, and he has united with them in giving Hostetler and Williams credit with the payee of the note. The appellant can not as against subsequent parties, who signed on the faith of his signature, claim a right to enforce payment of the entire sum evidenced by the note, for his signature, we must presume, induced them to also undertake as sureties for the principals, Hostetler and Williams. As against those who subsequently signed the note, he has a right to ask nothing more than contribution, for the clear implication is that they, acting on the faith that he had signed the note, and was bound upon it, became parties to it as sureties, and as they were sureties with him he can do no more than compel them to share the loss with him. This certainly should be held in all cases where, as here, the party ratifies the transaction by paying the note.

The second and third paragraphs of the complaint show a cause of action, because they state facts entitling the appellant to judgment against the appellees Shields and Beasley for contribution. The prayer for relief does not determine the character of the pleading, nor assign it a particular theory. The facts give it character and effect. It is the substantial facts, and not the general statements in the form of conclusions, made either by a pleader or witness, that control a cause. Equity looks through form to substance, and here the substance is that these parties all signed the note for the purpose of giving Hostetler and Williams credit with the payee of the note. *Proctor* v. *Cole*, 104 Ind. 373. No mere general statements of a witness nor any conclusions of a pleader can change the legal effect of the substantive facts of a business transaction.

Judgment reversed.

Filed April 16, 1886.