378

Samuel E. Kratzok, of Philadelphia, Pa., for Max B. Willig.

Levi, Mandel & Miller, of Philadelphia, Pa., for trustee.

David Bachman, of Philadelphia, Pa., referee.

KIRKPATRICK, District Judge.

On October 3, 1930, Max B. Willig, Paul Kolber, Samuel Willig and Samuel E. Kratzok executed a bond and warrant in favor of William B. Hackenburg Building & Loan Association in the sum of $100,000 as collateral security to a second mortgage held by the Association against real estate in the City of Philadelphia.

On July 11, 1931, judgment was entered on the bond in favor of the Building & Loan Association and against Willig, Kolber and Kratzok as defendants, and damages were assessed thereon in the sum of $205,000.

On October 17, 1931, the Fidelity-Philadelphia Trust Company, Trustee, as first mortgagee bought the premises at foreclosure sale for the sum of $50. The lien of second mortgage held by the Building & Loan Association was discharged by the sale, but the judgment remained unsatisfied and outstanding.

On October 19, 1933, Max B. Willig filed a voluntary petition in bankruptcy and in his schedules listed as creditors the Building & Loan Association and Kolber. Willig was, on January 2, 1934, discharged of all debts existing against him and his estate on October 19, 1933.

On August 18, 1937, Willig paid the Building & Loan Association the sum of $1,000 and in consideration thereof the Association assigned its judgment of $205,000 to him and marked it to his use.

On July 18, 1942, Kolber filed his voluntary petition in bankruptcy and, thereafter, Willig filed his claim as a creditor in the sum of $205,000, which amount was subsequently reduced by agreement to $159,750.

The Trustee filed exceptions to Willig's claim as creditor contending that the only remedy Willig had was a right of contribution, limited to Kolber's proportionate share of the $1,000 paid by Willig for the judgment. The Referee, albeit reluctantly, allowed the claim in the full amount, and this certificate is to review this order.

There is no question that, if Willig had been an entire stranger to the whole real estate transaction and, as such, had purchased the judgment from the Association, he could have enforced it to the full amount against Kolber's bankrupt estate (or, for that matter, against any of the original obligors) regardless of the amount he paid for it.

Nor can there be any doubt that if Willig had never been through bankruptcy and, as one of several joint obligors fully liable for the amount of the judgment, had purchased

it, his only right upon it would have been that of contribution, limited to Kolber's proportionate share of the amount which Willig had paid. See City National Bank v. Atkinson, 316 Pa. 526, 175 A. 507, 509, in which the Court said: "Equitable principles and good morals dictate that Nulton [the claimant], as between himself and his associates, must not be reimbursed in a greater amount than he was required to pay."

Willig's contention in this case is that the fact that before paying (or buying) the judgment, he had been discharged in bankruptcy, absolves him of all the restrictions and limitations of co-obligor in dealing with the joint debt and any enforcement of the same against his co-debtors, and places, for all purposes, his relations with his former associates on the basis of mere strangers.

But the law seems to be well settled that the fact that the debt has become unenforcible as against one of the co-obligors does not forthwith divest him of all rights, duties and liabilities toward his former co-obligors. Undoubtedly, supervening circumstances which terminate the entire obligation as to all obligors do have that effect; and if, after such event, one of them buys the claim he will find that he has lost his right of contribution from the others, even to the amount which he has paid. This was the situation in Wheatfield Township v. Brush Valley, 25 Pa. 112. That case does not rule the one now before the Court because, as the Court in that case made clear, it was dealing only with a situation in which the defense is common to all of the joint debtors.

"However, a different rule may govern where the defense to the principal obligation is one personal to the claimant or not available to the parties from whom contribution is sought. In such a case the mere fact that the claimant might successfully resist enforcement of the obligation against himself, but fails to do so and makes full payment instead, is not sufficient of itself to deprive him of his right to contribution against co-obligors not entitled to the defense. Doubtless, one reason for this rule lies in the fact notwithstanding any personal defense against the principal creditor, he could be compelled to contribute to a co-obligor in the event the latter should be the party forced to pay." Am.Jur., Contribution, Sec. 13. See also Restatement, Restitution, Sec. 84.

Thus it appears that a defense peculiar to one of several will not under all circumstances deprive that one of his right of contribution, if he pays the debt. Houck v. Graham, 106 Ind. 195, 6 N.E. 594, 55 Am. St.Rep. 727; Craven v. Freeman, 82 N.C. 361. See also Pomeroy's Equitable Remedies, Secs. 917 and 918. If the right of contribution survives the event which gives rise to the defense, it follows that he is still in the position of co-obligor so far as equities between himself and his former co-debtors are concerned. Consequently he cannot assume a guise of a complete stranger and collect the full amount of his claim.

These considerations apply to Willig's claim in the present case. He is entitled to the bankrupt's share of the amount which Willig paid for the judgment and nothing more.

The Referee's order is reversed with instructions to allow the claim to that extent.