Spencer *v.* Sloan.

No. 12,112.

## SPENCER *v.* SLOAN.

PROMISSORY NOTE.—*Indorsement by Payee.—Qualification by Parol.—Indorsement to Evidence Payment.*—In an action by the holder of a promissory note against the payee on his indorsement thereof, the latter may show by parol that when he put his name upon the back of the note it had already been paid, and that his name was written thereon at the request of the plaintiff as evidence of payment.

SAME.—*Collateral Security for Previous Debt.—Consideration.*—An existing previous debt constitutes a sufficient consideration for the pledge of collateral paper as security for its payment.

From the Marion Superior Court.

*J. E. McDonald, J. M. Butler* and *A. L. Mason,* for appellant.
*W. W. Herod,* for appellee.

NIBLACK, J.—This was an action by Benjamin F. Spencer, as the holder, against William Sloan, as endorser, of a promissory note executed by one Milton Spencer to the said Sloan on the 10th day of July, 1868, for $405, and payable two days after date.

The complaint alleged the insolvency of Milton Spencer at the time of, and ever since, the assignment of the note.

The defendant answered in seven paragraphs, but he afterwards withdrew the first and second paragraphs, and a demurrer having been sustained to the fourth paragraph, only the third, fifth, sixth and seventh paragraphs remain in the record.

To these third, fifth, sixth and seventh paragraphs of answer demurrers were filed at the proper time and afterwards overruled.

The third paragraph averred that at the time the note in suit was executed Milton Spencer, the maker thereof, and the plaintiff were partners in business; that the defendant loaned such partners the sum of $405, and as evidence of the debt thereby created, took the note in question under the belief that it was signed by both of said partners; that a certain railroad bond of the real and face value of $1,200 was at the same time delivered to him, the defendant, as collateral security for the payment of said note; that after the maturity of said note, and by the direction of the plaintiff and the said Milton Spencer, he surrendered the same to one Thomas A. Goodwin, who paid him the full amount due upon such note; that, at the request of the said Goodwin, he, the defendant, endorsed his name upon the note as evidence that it had been paid, and for no other purpose; that for the reasons given he never sold or transferred the note to any other person.

The fifth paragraph alleged that prior to the execution of the note sued on, the plaintiff, to induce the defendant to loan to the said Milton Spencer the sum of $405, agreed to put up a certain railroad bond of the value of $1,000 as collateral security therefor; that the said loan was accordingly made and the note described in the complaint executed; that said bond was thereupon delivered to the defendant as such collateral security; that when, in October, 1868, the defendant transferred the note to the plaintiff, he also transferred to him the bond, which was amply sufficient to pay the note, but that the latter had either sold or lost said bond, and converted the same to his own use without taking any steps whatever to subject such bond to the payment of the note; that at the time said note was transferred to the plaintiff, the said Milton Spencer was hopelessly and notoriously insolvent, as the plaintiff well knew, and has ever since so continued to be.

The sixth paragraph asserted that the note herein described was given by Milton Spencer, the maker, in consideration of a loan of $405; that at the time of the execution of the note, he, the said Milton Spencer, placed in the hands of the defendant a certain railroad bond of the value of $1,000 to secure the payment of said note; that the defendant accepted and held said bond as such security until in October, 1868, when he transferred said bond and note to the plaintiff; that the plaintiff thereafter sold or destroyed said bond without making any effort to subject the same to the payment of said note, whereby said bond as a security for such payment has become lost; that the said Milton Spencer was at the time of such transfer wholly insolvent as the plaintiff well knew.

The seventh paragraph stated that the plaintiff is a brother of the said Milton Spencer, the maker of the note declared on, and that to secure the payment of said note he delivered to, and placed in the hands of, the defendant a certain railroad bond of the face and actual value of $1,000; that afterwards, to redeem said bond, the plaintiff paid off and discharged said note; that thereupon the defendant surrendered to him said note and bond; that after the note and bond had been so surrendered to him, the plaintiff asked the defendant to put his name on the back of the note to show that it had been paid by him and not Milton Spencer, and that for that purpose, and for no other, the defendant did put his name on the back of the note; that consequently the defendant did not sell, assign or transfer the note to the plaintiff.

The plaintiff replied in five paragraphs, but afterwards withdrew all but the fifth paragraph. This latter paragraph was addressed only to the fifth and sixth paragraphs of the answer, and averred that the note endorsed by the defendant, as charged in the complaint, was executed as evidence of a prior indebtedness of Milton Spencer, the maker of such note, to the defendant, and payable long before the time of the execution of such note, and for no other consideration whatever; that the bond, referred to in said fifth and sixth para-

graphs of the answer, was always the property of the plaintiff, and hence never belonged to the said Milton Spencer, either in whole or in part, all of which was fully known to the defendant at the time said bond came into his possession and at the time he assigned the note to the plaintiff; that the loan of money to Milton Spencer was not made, nor was the note executed, on the faith of such bond; that such bond was not delivered to the defendant until long after the execution of the note, and then only as collateral security for the prior existing debt, evidenced by the note.     Wherefore the plaintiff averred that there was no consideration to support the pledge of said bond to the defendant as collateral security for the payment of said note; that the surrender of said bond by the defendant to the plaintiff constituted a relinquishment of all the former's alleged right to have the same held as collateral security for the indebtedness represented by said note.

A demurrer was sustained at special term to this paragraph of reply, and, the plaintiff declining to plead further, final judgment was rendered against him for want of a reply, and that judgment was affirmed at general term.

On behalf of the plaintiff below, it is claimed that the endorsement of a promissory note constitutes a certain and well defined contract, with as much force and meaning as if all the conditions and stipulations had been written out at full length, and that hence parol evidence is inadmissible to either modify or contradict such a contract of endorsement, and the case of *Stack* v. *Beach*, 74 Ind. 571 (39 Am. R. 113), is relied upon as supporting that doctrine.     But the doctrine as thus stated was in that case only made to apply to endorsements upon a note or bill, which regularly follow that of the payee, and as to that class of endorsements many exceptions to the general rule announced were recognized.   So far as we are advised, so strict a rule has never been applied to endorsements upon a note or bill by the payee.

It is true that where the law attaches a definite meaning to an endorsement upon a note or bill, parol evidence will not be admitted to qualify or contradict the contract of endorsement, but this rule for the exclusion of parol evidence does not extend to evidence offered to attack the validity of the contract itself for want of consideration, or on account of fraud, or because the consideration has failed; so the fact that it would be inequitable or fraudulent to enforce the contract of endorsement, as that the endorser was an agent, or that the note was endorsed for a special purpose, such as the creation of a trust, or for collection, or for the accommodation of the endorsee, may be proved by parol. Edwards Bills and Notes, sections 393, 399, 400, 442; 3 Kent Com., p. 80.

In the case of *Smythe* v. *Scott*, 106 Ind. 245, it was said that, " Where an endorsement is made by a payee without consideration, or upon some trust arising out of an antecedent transaction, or to accomplish some special purpose, the facts which go to show the transaction may be shown. This, for the purpose of showing the equities between the parties, and to determine the consideration upon which the endorsement was made."

From what has been said, the inference would seem to be plain that the defendant was entitled to show that when he put his name on the back of the note, it had already been paid, and that his name had been so put on the note at the request of the plaintiff as evidence of such payment. It follows that there was no error in overruling the demurrers to the third and seventh paragraphs of the answer. Daniel Neg. Inst., sections 710, 711.

In support of the sufficiency of the fifth paragraph of the reply, it is further claimed that the pre-existing debt of Milton Spencer did not afford a sufficient consideration for the delivery of the railroad bond to the defendant as collateral security for the payment of the note; that for that reason the defendant had no lawful right to retain the bond, and, therefore, when he surrendered it to the plaintiff, it was simply

a return of the bond to its lawful owner without any encumbrance upon it.

Whether a previous debt is sufficient to constitute a holding for value of collateral·paper, is a question upon which there has been a very sharp conflict of authority in this country ever since the case of *Bay* v. *Coddington*, 5 Johns. Ch. 54, was decided by Chancellor Kent. That case, in effect, declared that a previously existing debt did not constitute a sufficient consideration for such a holding of collateral paper, and the doctrine of that case has obtained full recognition in a large number of the States. But the Supreme Court of the United States has uniformly held a contrary doctrine. In the case of *Swift* v. *Tyson*, 16 Peters, 1, this latter court declined to follow the case of *Bay* v. *Coddington*, *supra*, and has ever since continued to dissent from the rule recognized in that case. See Jones Pledges, section 107, *et seq.*; also, *Bank of the Metropolis* v. *New England Bank*, 1 How. 234; *Goodman* v. *Simonds*, 20 How. 343; *McCarty* v. *Roots*, 21 How. 432; *Oates* v. *Nat'l Bank*, 100 U. S. 239; *Railroad Co.* v. *Nat'l Bank*, 102 U. S. 14.

It may, therefore, be now regarded as an established legal proposition in the Supreme Court of the United States, that an existing debt affords a sufficient consideration for the pledge of collaterals as security for its payment, and that seems to be in accord with the English decisions on the same subject. See, again, Jones Pledges, section 111, and authorities cited.

This court in the case of *Straughan* v. *Fairchild*, 80 Ind. 598, accepted the rule of construction thus established by the Supreme Court of the United States as the correct rule under the laws of this State, and, still adhering to that rule as being more in the interest of commerce and of fair dealing than the contrary doctrine, we are brought to the conclusion that the court below at special term did not err in sustaining a demurrer to the fifth paragraph of the reply.

The judgment at general term is affirmed, with costs.

Filed Nov. 6, 1886.