COLUMBIA NATIONAL BANK *v.* MILLER, ADMINISTRATOR, ET AL.

[No. 9,518.  Filed November 21, 1918.  Rehearing denied March 6, 1919.  Transfer denied May 13, 1919.]

1. EXECUTORS AND ADMINISTRATORS.—*Claims against Estate.—Enforcement.—Pleading and Proof.*—In a proceeding to enforce a claim against a decedent's estate, proof of all defenses except set-off and counterclaim are admissible under the general denial, in view of §2842 Burns 1914, Acts 1883 p. 156.  p. 189.

2. EVIDENCE.—*Action on Note.—Lack of Consideration.—Parol Evidence.*—In an action by a bank against an administrator to enforce a claim against a decedent's estate based on a promissory note executed by deceased, who had been an official of the bank, in payment of claimant's stock, parol evidence tending to show that deceased never owned such stock as an individual and that the note was executed solely for the benefit of the bank was admissible as showing want of consideration for the note.  p. 191.

From Marion Probate Court (10,021); *Mahlon E. Bash,* Judge.

Action by the Columbia National Bank against William E. Miller, administrator of the estate of Hiram W. Miller, deceased, and others, on a claim against the estate. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*William L. Taylor,* for appellant.
*Kealing & Hugg* and *John W. Claypool,* for appellees.

HOTTEL, J.—This is an appeal from a judgment of the Marion Probate Court denying appellant's claim against the estate of Hiram W. Miller, deceased, based on a certain promissory note alleged to have been executed by the deceased. The only error assigned is that the probate court erred in overruling appellant's motion for a new trial.

Preliminary to a discussion of the questions presented by this ruling appellees assert that, because of certain designated omissions and infirmities in the preparation of appellant's brief, the rules of court have not been complied with, and by reason thereof the appeal ought not to be considered. On this branch of the case it is sufficient to say that, since the filing of appellees' brief, appellant has asked and obtained leave to amend its brief, and that by such amendment it is now made to appear that appellant relies for reversal: First, on that ground of the motion for a new trial which challenges the decision of the lower court as being contrary to law; and, second, on those grounds which question certain rulings on the admission of evidence. Since it is appellant's contention that this evidence furnishes the sole basis for the

decision below, and that without it the decision is not supported by the proof, the determination of the correctness of the above rulings will settle, in effect, the only questions properly presented by the briefs and the record. In passing on these questions it should be borne in mind that in proceedings such as the present, proof of all defenses except set-off and counterclaim are admissible under the general denial. §2842 Burns 1914, Acts 1883 p. 156.

It is admitted that at the time of his death, and for several years prior thereto, Hiram W. Miller was vice-president and a director of appellant bank and active in the affairs of the institution. Some time before the execution of the note sued on, the bank, in order to avoid a depreciation in the value of its stock on the market, bought some of that stock, in violation of the Federal Banking Law, and, for a time, carried the same on its books as cash. There was evidence to the effect that this transaction subjected the bank to criticism from the bank examiners, whereupon the stock was assigned to Mr. Miller as trustee, and in the same capacity he executed his note to the bank for the value of the stock. Later, on advice that the transaction, as it then stood, was illegal, Mr. Miller, in his individual capacity, executed the note which serves as the basis of appellant's claim. It is contended by appellant that when Mr. Miller executed his individual note to the bank, he did so as the purchaser in good faith of the stock which he had previously held as trustee, and that his estate is therefore clearly liable for the amount of the unpaid obligation. Appellees, on the other hand, assert that both the original "trustee note" and the instrument

now in suit were executed by Mr. Miller for the pur-
pose of avoiding any embarrassment to the bank
which might result from a continued holding of its
own stock, and that, in fact, he acquired neither the
title to nor the possession of that stock in his indi-
vidual capacity. Some contention is also made that,
as the purchase by the bank of its own stock was in
violation of law, the subsequent action of Mr. Miller
in taking that stock as trustee and in executing his
note therefor was also based on an illegal considera-
tion, which would serve now to avoid the instrument
in suit. The soundness of this latter contention is
seriously, and, we think, correctly challenged by coun-
sel for appellant. *Lantry* v. *Wallace* (1901), 182 U. S.
536, 21 Sup. Ct. 878, 45 L. Ed. 1218; *Thompson* v. *St.
Nicholas Nat. Bank* (1892), 146 U. S. 240, 13 Sup. Ct.
66, 36 L. Ed. 956.

However, as we view the questions presented by
the instant case, there is no occasion to enter on a
discussion of the legal proposition considered and
determined in the cases just cited, since its applica-
tion here must rest on the assumption that Hiram W.
Miller actually purchased in his own right the stock
previously purchased by the bank and later held by
him as trustee for the bank. That assumption in-
volves an issue of fact which has been decided by the
trial court adversely to appellant's contention. The
true inquiry in this case, as before indicated, is to
determine the admissibility of the evidence challenged
by appellant, and, in passing on this question, it is
unnecessary to treat separately each of the rulings
involved. Indeed, appellant has contented itself with
a statement and discussion of certain general prop-
ositions as applicable and pertinent to each of said
rulings.

It appears that former officers of the bank and others who were familiar with the transaction were permitted to testify to certain facts which tended to show that Mr. Miller never owned the stock in question. Appellant contends, in effect, that this evidence serves only to prove an alleged agreement between Mr. Miller and the bank that he would not be required to pay the note in suit, and that its admission for that purpose was erroneous. *Bank of United States* v. *Dunn* (1832), 31 U. S. (6 Pet.) 51, 8 L. Ed. 316; *Bank* v. *Moore* (1905), 138 N. C. 529, 51 S. E. 79; *McDonald* v. *Elfes* (1878), 61 Ind. 279.

Assuming, for the purposes of argument, that the questioned testimony, or any part of it, is open to the interpretation given thereto by appellant, it is 2. equally certain that it tends to establish appellees' contention that the note in suit was executed by Miller for the use of the bank and without benefit to himself. The trial court seems to have received the evidence on that theory, and its action is sustained by the authorities. It has frequently been held that, as between the original parties, parol evidence is admissible to show the circumstances under which a bill or note was given, and, in case no consideration passed to the maker, that fact may be so established. *Smythe* v. *Scott* (1886), 106 Ind. 245, 248, 6 N. E. 145; *Tombler* v. *Reitz* (1893), 134 Ind. 9, 14, 33 N. E. 789; *First Nat. Bank, etc.* v. *Nugen* (1884), 99 Ind. 160, 164; *Smith* v. *Boruff* (1881), 75 Ind. 412, 414; *Chicago, etc., R. Co.* v. *West* (1871), 37 Ind. 211, 216; *Neptune* v. *Paxton* (1895), 15 Ind. App. 284, 288, 43 N. E. 276; 1 Daniel, Negotiable Instruments (6th ed.) §81a.

If a suit had been brought by appellant during the

lifetime of Hiram W. Miller to enforce payment of the note which he had signed there can be no doubt, under the above authorities, that he would have been entitled to show that the instrument was executed solely for the benefit of the bank, and that no consideration actually passed to him. No rights of third parties have since intervened, and the same defense was therefore properly presented by his heirs and representatives. The evidence introduced at the trial is in sharp conflict in some particulars, and various inferences might be drawn therefrom, but it is evident that, to the mind of the trial court, the defense above stated has been satisfactorily established, and its finding thereon is conclusive.

Judgment affirmed.