SHIREMAN v. SECOND NATIONAL BANK OF NEW ALBANY.

[No. 10,031. Filed October 28, 1919. Rehearing denied January 15, 1920.]

1. BILLS AND NOTES.—Defenses.—Want of Consideration.—A plea of want or failure of consideration is a valid defense in an action between the original parties to a promissory note or bill of exchange. p. 259.

2.  BILLS AND NOTES.—*Holder for Value.—Statute.*—In an action by
payee bank against the drawer of a draft which was not paid,
an answer alleging that the bank, on behalf of the buyers, had
paid defendant for certain goods, and that defendant, for ·the
bank's accommodation, drew a ·draft on the buyers which they
had promised to pay on presentation, did not show the bank to be
a holder for value within §29 of the Negotiable Instruments
Law (§9089a *et seq.* Burns 1914, Acts 1913 p. 120), and such
answer was good as against demurrer.  p.. 259.

3.  BANKS AND BANKING.—*Action by Bank on Draft.—Answer of
Set-off.—Sufficiency.*—In an action by payee bank against the
drawer of a draft which was unpaid, an answer alleging that
defendant had deposited certain funds with the bank, and that
checks drawn against such deposit had not been paid, and praying
judgment for the amount of the deposit, stated a good cause
of action in the nature of a set-off.  p. 260.

From Clark Circuit Court; *James W. Fortune,*
Judge.

Action by the Second National Bank of New Albany
against Lieu W. Shireman. From a judgment for
plaintiff, the defendant appeals. *Reversed.*

*Evan B. Stotsenburg* and *John H. Weathers,* for
appellant.

*Charles L. Jewett, Walter V. Bulleit* and *Henry E.
Jewett,* for appellee.

REMY, J.—This is an action by appellee, Second
National Bank of New Albany, against appellant on
a draft for $741.25 drawn by appellant against Leon
Brothers of Buffalo, New York, and payable to appel-
lee. The complaint, which is in the usual form of an
action on a bill of exchange, is in one paragraph, and
avers that the draft was not accepted or paid, but ·was
protested at an expense of $1.80; that appellant had
on deposit with appellee the sum of $288.07, which
sum appellee applied on the amount advanced by it on
the draft, and judgment for the balance of the draft

is demanded. Appellant filed an amended set-off designated in the record as the amended third paragraph of answer; also an amended fourth paragraph of answer. All other answers were withdrawn. To these amended pleadings demurrers were sustained, and, appellant refusing to plead further, judgment was rendered against him for the amount demanded. The rulings of the court in sustaining demurrers to said third and fourth paragraphs of answer are the errors assigned.

The material averments of appellant's amended fourth paragraph of answer are in substance that on January 2, 1916, appellant was the owner of a carload of strawberries in the city of New Albany, Indiana, of the value of $741.25, which the firm of Leon Brothers of Buffalo, New York, desired to purchase on condition that the berries should be shipped to Buffalo, to their account on commission, which appellant refused to do; that thereupon appellee bank proposed to pay the amount of the purchase price of the berries to appellant for and on behalf of Leon Brothers, if appellant would ship the berries at once; that appellant accepted this proposition, and shipped the berries to Leon Brothers. The purchase price was then paid by appellee bank by giving appellant credit therefor on his bank passbook, and it was then agreed that, in order that the bank could be reimbursed for the amount paid "on behalf of Leon Brothers, and for no other purpose," appellant should draw a draft against Leon Brothers for the sum of $741.25 in favor of appellee bank, and it was specially agreed that appellant should not be liable on the draft as the drawer thereof, but was to draw this draft for the accommodation of appellee; that

the draft was so drawn without consideration, and for the sole purpose of permitting the bank to reimburse itself for the amount paid to appellant; and that, prior to making the agreement, appellee had obtained from Leon Brothers their promise to pay the draft upon presentation.

Appellee's demurrer to this answer was sustained by the trial court upon the theory that it seeks to avoid the draft sued on by alleging a contemporaneous parol agreement.

The action is by the payee against the drawer of the draft. In other words, it is between the original parties to the bill of exchange which is made the basis of the action. In positive and certain terms it is averred in the answer, and the demurrer admits, that the draft was executed by appellant for the accommodation of appellee bank, and without consideration. The question raised by the demurrer is: Can the drawer of a draft when sued thereon by the payee show that it was executed without any consideration, for the mere accommodation of the payee? It has many times been held that a promissory note or bill of exchange must be supported by a consideration, and that a plea of want or failure of consideration is a valid defense in an action between the original parties. Story, Bills of Exchange (4th ed.) §187; *Columbia Nat. Bank* v. *Miller, Admr.* (1919), 70 Ind. App. 187, 120 N. E. 711.

It is urged by appellee that, irrespective of former decisions of this and other courts of appeal, the rights and liabilities of the parties herein are fixed by §29 of the Negotiable Instruments Law (Acts 1913 p. 120, §9089a *et seq.* Burns 1914), which is as follows: "An accommodation party is one

who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party.''

Appellee takes the position that the fourth paragraph of answer shows that appellee bank was a holder for value, and that, under the above statutory provision, appellant would be liable even though he is an accommodation party. Unfortunately for appellee, even if its construction of the statute is correct, which we do not decide, the facts averred in the answer do not show appellee to be a holder for value. It is nowhere averred in the answer that the bank at any time gave value for the draft. On the contrary, it is specially alleged that the money was not advanced on the draft, but at the request of Leon Brothers, and as their agent, to pay appellant for the berries; and it is further averred that the draft was drawn without consideration, and for the accommodation of appellee bank in order that the bank could reimburse itself for the money paid out for Leon Brothers. It is also averred that prior to the time the draft was drawn the bank had procured a written agreement from Leon Brothers that they would pay the amount of the draft upon presentation. The trial court erred in sustaining the demurrer to appellant's amended fourth paragraph of answer.

The material allegations of what is termed by appellant as the ''amended third paragraph of answer by way of set-off'' are that appellant deposited, and was given credit for, certain funds with appellee bank; that afterwards appellant drew

checks against the deposit, which checks upon presentation were not paid; that the amount of the deposit is due and unpaid, for which judgment is prayed. There is no reference to the draft which is the foundation of appellee's complaint. The facts pleaded state a cause of action in the nature of a set-off, and the action of the court in sustaining the demurrer thereto was error.

The judgment is reversed, with instructions to overrule the demurrer to the amended fourth paragraph of answer; also, to overrule the demurrer to the amended third paragraph of answer by way of set-off.