FIRST NATIONAL BANK OF MILLTOWN, ETC., v. GIBBS.

[No. 11,708. Filed October 26, 1923. Rehearing denied January 10, 1924. Transfer denied April 23, 1926.]

1. BILLS AND NOTES.—*Section 29 of the Negotiable Instruments Law did not apply when payee refused to receive checks in payment but afterwards indorsed them at request of bank.*—Section 29 of the Negotiable Instruments Law (Acts 1913 p. 126, §11388 Burns 1926), which states the rules as to accommodation parties, was not applicable to a situation where the payee of checks refused to accept them in payment, and his bank, after telegraphing the drawee and being informed that the checks were good, agreed to accept them as cash and credited the payee's account with the amount thereof, but requested the payee to indorse them in order that it might present them to the drawee for payment, and the payee could set up lack of consideration as a defense as to his indorsement, the bank being the accommodated party. p. 494.

2. TRIAL.—*Answers to interrogatories held not in irreconcilable conflict with general verdict for plaintiff.*—In an action against a bank for refusing to pay the plaintiff the amount of his deposit, where the defendant answered that his deposit consisted of checks which were not honored by the drawee bank, and plaintiff replied to the effect that, after he had refused to accept said checks in payment of a debt to him, the defendant accepted them as cash and credited his account therewith, his indorsement thereon being made at the request of the defendant and for its accommodation, answers to interrogatories *held* not in irreconcilable conflict with a general verdict for the plaintiff and there was no error in overruling a motion for judgment on the answers to the interrogatories. p. 497.

3. APPEAL.—*Admission of telegrams sent by defendant bank to learn of financial standing of drawer of checks held harmless error where its cashier had previously testified thereto.*—In an action against a bank for refusing to pay plaintiff the amount of his deposit, where the defendant defended on the ground that his deposit consisted of checks which were not honored by the drawee bank and were charged back to the depositor, the admission of telegrams sent to the drawee bank by the defendant in ascertaining the financial standing of the drawer of the checks was not error where the defendant's cashier had previously testified to the contents of the telegrams. p. 498.

4. APPEAL.—*No question is presented for review as to giving or refusal of instructions unless all instructions in joint specification for new trial were not properly given or refused.*—Where the motion for a new trial jointly specified the giving or refusal of several instructions as a reason therefor, no question is presented for review on appeal unless all the instructions in each specification were not properly given or refused; Acts 1917 p. 523, §4, providing that motions containing several subject-matters should be construed as separate as to each matter having been repealed by Acts 1921 p. 50. p. 499.

5. APPEAL.—*Verdict will not be disturbed on appeal if sustained by sufficient evidence.*—Where there is evidence sufficient to sustain the verdict, it will not be disturbed on appeal although the evidence in conflict therewith would seem to the appellate tribunal to have the greater weight and credibility. p. 499.

From Harrison Circuit Court; *Fred A. Heuring,* Special Judge.

Action by Frank Gibbs against the First National Bank of Milltown. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the second division.

*John H. Luckett* and *Charles D. Kelso,* for appellant. *Stotsenburg, Weathers & Minton,* for appellee.

McMAHAN, C. J.—Complaint by appellee alleging that appellant is indebted to him in the sum of $1,000 on account of a deposit and that appellant refused to pay the amount of said deposit, although it was due and unpaid and appellee had drawn and presented his check to appellant in the sum of $1,000. Appellant filed an-

swer in two paragraphs. The first was a general denial. The second alleged that, on June 12, 1917, Walton and Taylor, as makers, executed their check for $1,000, drawn on the Trigg National Bank of Glasgow, Kentucky, hereafter referred to as Glasgow bank, payable to order of appellee, who, on said day, indorsed said check by writing his name on the back thereof, and then deposited the same with appellant and was given credit by appellant for the amount of such check; that on June 14, 1917, this check was presented to the Glasgow bank for payment, which was refused; that the check, after being protested, was returned to appellant and the amount, together with the costs of protest, was charged back against appellee's account. Appellee replied: (1) By general denial; and (2) that, on June 12, 1917, he was the owner of a certain tract of land in Harrison county which Walton and Taylor desired to buy and which appellee had offered to them for $5,500; that Walton and Taylor accepted appellee's offer; that appellee and his wife signed and acknowledged a deed for such property and tendered the same to Walton and Taylor, who thereupon offered appellee, in payment, two checks drawn by themselves on the Glasgow bank, payable to the order of appellee, one of said checks being for $4,500 and one for $1,000, the latter check being the one mentioned in appellant's answer; that appellee refused to accept said checks and informed Walton and Taylor they would have to pay cash according to their agreement; that thereupon Walton and Taylor informed appellee they would arrange with appellant to advance the money for them and to pay appellee said $5,500; that Walton and Taylor took said checks to appellant bank and informed appellant that they were about to purchase appellee's land, that appellee would not accept said checks in payment for the same and requested appellant to cash said checks

for them so they could pay appellee; that appellant telegraphed the Glasgow bank to know if check of Walton and Taylor amounting to $5,500 would be paid when presented and, on receiving a reply from said bank that it would pay Walton and Taylor check for $5,500, informed appellee that Walton and Taylor were prepared to pay him the $5,500 and that it would advance the money for them and would place the same to the credit of appellee upon the delivery of said deed to them; that appellee thereupon delivered the deed and appellant gave him credit on his pass-book for said sum; that when said credit was made, appellant had possession of said checks and requested appellee to place his name on the back of the checks saying it was necessary for him to do so in order that it might present the check to the Glasgow bank for payment, and that, at the request of appellant, appellee wrote his name on the back of each of said checks, but that he did so without any consideration and solely for the accommodation of appellant.

The case has been tried twice, each trial resulting in a verdict for appellee. After appellant's motion for judgment on the answers of the jury to interrogatories had been overruled, judgment was rendered for appellee. The errors assigned are that the court erred in overruling appellant's demurrer to the second paragraph of reply, in overruling the motion for judgment *non obstante* and in overruling the motion for a new trial.

Appellant, in contending that the court erred in overruling its demurrer to the second paragraph of reply, ignores all the allegations in the reply concerning

1.     the arrangement between appellant and Walton and Taylor, where it is alleged that, after appellee had refused to accept anything but cash in payment for his farm, Walton and Taylor took the checks to appellant and requested appellant to cash the checks for them so they could pay appellee, that appellant, after

telegraphing the bank on which the checks were drawn and receiving a reply that the bank would pay Walton and Taylor's check for $5,500, informed appellee that it would advance the money for Walton and Taylor on delivery of the deed, and would give appellee credit, which was done, that appellee wrote his name on the checks at the request of appellant in order that it might present the checks to the bank for payment and that the indorsement by appellee was without consideration and solely for the accommodation of appellant. With these facts admitted to be true, there was no error in overruling the demurrer. Section 29 of the Negotiable Instrument Act relating to an accommodation party is not applicable to the facts alleged. According to the facts, appellant was the accommodated party. As between the accommodating and the accommodated parties, "no consideration" is a proper defense. *Shireman* v. *Second Nat. Bank* (1919), 72 Ind. App. 256. This is true whether the accommodating party is drawer or indorser.

It is not necessary for us to determine whether the telegram of the Glasgow bank stating that it would pay the check for $5,500 amounted to a certification of the $1,000 check. The facts pleaded in the reply are sufficient to avoid the answer, independent of the question as to whether the $1,000 check was or was not certified.

The jury in answer to interrogatories found that appellee was the owner of a farm which he had agreed to sell and which Walton and Taylor agreed to buy for $5,500; that on June 12, 1917, Walton and Taylor tendered appellee a check for $5,500 in payment of such farm; that appellee on June 12, 1917, did not, but that appellant did, have in its possession a check dated on said day for $5,500 drawn by Walton and Taylor on the Glasgow bank payable to order of appellee; that Walton and Taylor, on said day, in part payment for certain

real estate gave appellee a check for $1,000 payable to his order and drawn on said bank, which check appellant caused to be presented to said bank for payment June 14, when payment was refused and check protested, due notice of protest being given all parties. This check was returned to appellant on June 18, and the amount thereof charged back to appellee's account. Appellant, without any request from appellee, caused said check to be again presented for payment, which was again refused.. Appellee, at time appellant gave him credit, indorsed said $1,000 check by writing his name on the back. Appellee received this check from appellant June 20, and, on July 3, 1917, took the same back to appellant, and when appellant refused to accept it, left it on a desk in appellant's bank. Appellee did not obtain $1,000 in cash or check from Walton and Taylor June 12, 1917, and did not on that day make a general deposit of that sum with appellant. Walton and Taylor on said day secured a loan of $1,000 from appellant which they paid to appellee and, as written security for such loan, they delivered the said $1,000 check to appellant, and appellee afterwards indorsed the same as herein before stated. Appellant, at the special request of Walton and Taylor, for and in consideration of the transfer of this check, gave appellee credit on its books for $1,000. Walton and Taylor gave two checks for the purchase money of appellee's farm, one for $4,500 and one for $1,000, the $4,500 check was taken up and paid June 13, 1917, by Walton and Taylor, from the proceeds derived from the sale of lots made by them out of a subdivision of said farm. Appellee did not have on deposit with appellant as much as $1,000 July 3, 1917, in excess of the amount of the $1,000 given him by Walton and Taylor.

Some of the facts thus found by the jury are contradictory to other facts found. For instance, it is found

that Walton and Taylor gave appellee a check for $1,000 in part payment for the real estate, and that they did not give him $1,000, in cash or by check, but that they secured a loan of $1,000 from appellant on the $1,000 check and that, after appellant had given appellee credit for said amount, he indorsed the check for $1,000 drawn by Walton and Taylor payable to appellee. It is also found that Walton and Taylor delivered this particular $1,000 check to appellant. It is thus rendered uncertain to whom Walton and Taylor delivered this check. It is found that this check was, as well as that it was not, given to appellee, and that it was given to appellant. The reply alleges that appellee, when the $4,500 and the $1,000 checks were tendered to him, refused them and insisted that he would accept nothing but cash; that Walton and Taylor made arrangements with appellant to advance them the money to pay appellee; that appellant, after receiving the telegram from the Glasgow bank, informed appellee that Walton and Taylor were prepared to pay him the $5,500 and that it would advance the money for them and place it to the credit of appellee on the delivery of the deed; that appellee thereupon delivered the deed to Walton and Taylor and was given credit on his pass-book by appellant; that the bank then requested him to place his name on the back of the check in order that it might present the check to the Glasgow bank for payment and that he did, at the request of appellant, write his name on the back of the check, but that he did so without any consideration and solely for the accommodation of appellant.

The jury, by its general verdict, found the facts to be as alleged in the reply. The facts specially found do not cover the allegations in the reply to the

2. effect that Walton and Taylor made arrangements with appellant to advance them the money

with which to pay for the farm by having appellant accept their checks and that appellant would so advance the $5,500 and give appellee credit for that amount upon the delivery of the deed to Walton and Taylor, which was done, and that, after appellee had been given credit for the $5,500, appellee, at the request of appellant, wrote his name on the back of the check so appellant might present the checks for payment and that, in so writing his name on the back of the check, he did so without any consideration and solely for the accommodation of appellant. These facts were found in favor of appellee. The facts specially found are not in irreconcilable conflict with the general verdict. There was no error in overruling appellant's motion for judgment *non obstante*.

The court did not err in overruling appellant's motion for a new trial. The causes for a new trial assigned below and relied on here are: (1) Admitting in evidence the telegram from appellant to the Glasgow bank asking if Walton and Taylor check for $5,500 was good and in admitting the telegram of the bank in reply that such check would be paid; (2) in giving and refusing to give certain instructions; and (3) that the verdict is not sustained by sufficient evidence.

Appellant contends that neither of the telegrams heretofore referred to tended to prove that the Glasgow bank had certified the $1,000 check. This contention may be conceded, but, in view of the fact that appellant's cashier had already testified to the sending of the telegram to the Glasgow bank and of the receipt of the telegram from the bank and gave the exact wording of both telegrams, appellant was not harmed by the introduction of the two telegrams in evidence.

Appellee insists that no question is presented on the specifications in appellant's motion for a new trial rela-

tive to the giving and the refusal to give certain

4. instructions for. the reason that each of such specifications is joint as to a number of instructions and no claim is made that all the instructions given or refused were not properly given or refused. This contention of appellee must prevail. *Young* v. *Montgomery* (1903), 161 Ind. 68; *Chicago Furniture Co.* v. *Cronk* (1905), 35 Ind. App. 591. Appellant calls attention to §4 of an act concerning civil procedure ch. 143, Acts 1917 p. 523, wherein it is provided that, "all motions containing two or more subject-matters shall be taken and construed as separate and several as to each subject-matter," and insists that its specifications in the motion for a new trial, under this statute, must be held to be several as to each instruction and not joint. The act of 1917 referred to was repealed in 1921. See Acts 1921 p. 50.

The cashier of appellant testified to facts sufficient to have warranted the jury in returning a verdict for appellant. Appellee was also a witness, and he

5. testified to a state of facts in harmony with the second paragraph of reply. The jury accepted appellee's evidence as to the transaction and there being evidence which, in our judgment, is sufficient to sustain the verdict, we are bound by the verdict as returned by the jury. The testimony as given by appellant's cashier and by appellee is in irreconcilable conflict, and we are not at liberty to overthrow their verdict when the evidence is conflicting and where there is sufficient evidence to sustain the verdict, even though we might think they erred in judgment. Without expressing an opinion on the facts, we are forced to hold there was no error in overruling the motion for a new trial.

Judgment affirmed.