KINDER *v.* FISHERS NATIONAL BANK.

[No. 14,253.   Filed October 16, 1931.]

*Floyd G. Christian, Ralph H. Waltz* and *Worth H. Castor,* for appellant.

*John F. Neal* and *William F. Little,* for appellee.

KIME, J.—This action was brought to recover the amount of a cashier's check which was issued by appellee, and on which check appellee afterwards stopped payment.

The following is a statement of facts agreed upon between Oris O. Kinder, plaintiff and appellant herein, and Fishers National Bank, defendant and appellee herein, and which statement of facts it was agreed should be used as evidence in the trial of this cause: "That, on the 13th day of December, 1929, the plaintiff conducted a sale and acted as auctioneer at a certain public auction sale in which certain real estate owned by one John C. Schultz was put up for sale to the highest and best bidder. That bids were received for said property, said sale being conducted by plaintiff, and the property was finally knocked down and bid in by one G. O. Edstrom, of Rush County, Indiana. That said property was bid in for the sum of $3,800.00, the purchaser making a down payment of $500.00. That, for the purpose of making said down payment, the said Edstrom executed his check for said sum of $500.00 in favor of the vendor, said Schultz, drawn on the First National Bank, Knightstown, Indiana. That said check bore date of December 13, 1929.

"That, on the 13th day of December, 1929, the plaintiff and said Schultz entered the office of the defendant bank, after banking hours, and requested of one A. P. Butz, the acting cashier of said bank, that he cash the said check, drawn on said Knightstown bank, mentioned aforesaid, at the time explaining that the check represented the down payment on the purchase price for the farm sold by said Schultz to said Edstrom and explain-

ing further that the said plaintiff had conducted said sale as auctioneer and for his services was entitled from the proceeds of said check, to the sum of $114.00 as his commission. That plaintiff and said Schultz had by agreement theretofore agreed that plaintiff, in consideration for his services as auctioneer at said sale, was to receive a commission of three per cent of the purchase price, which said commission amounted to the sum of $114.00. That, after said Schultz had presented said check to cashier Butz, as heretofore alleged, and requested that said check be cashed, said Butz informed him and plaintiff that his cash had been locked up for the day, but that he had in the drawer of his desk a number of blank cashier's checks and that he would execute to plaintiff, a cashier's check for the amount to which plaintiff and said Schultz informed him plaintiff was entitled, in consideration of said Schultz indorsing the check drawn on said Knightstown bank and delivering the same to the defendant bank.

"That, pursuant to said agreement, said Schultz did then indorse said Knightstown check in blank and deliver the same to said ·Butz, and, in return therefor, said Butz, as cashier of the defendant bank, issued a cashier's check, payable to the order of plaintiff for the sum of $114.00.

"That said Butz, as cashier, then delivered said check to plaintiff and plaintiff received and accepted same.

"That thereafter said plaintiff presented said check for payment at the American National Bank, Noblesville, Indiana, and said plaintiff received credit therefor. That thereafter said cashier's check was returned and a notation entered thereon that payment had been stopped, whereupon, said check was returned to said plaintiff and his account charged and said amount was charged back on said plaintiff's account.

"That thereafter said plaintiff demanded payment of

said check of A. P. Butz, cashier of defendant bank and payment was refused.

"That on the 14th day of December, 1929, the defendant bank, by and through its said cashier, said Butz, indorsed said check drawn on said Knightstown bank, and, in due course of business, presented said check through the clearing house to said First National Bank, Knightstown, Ind., which said bank refused payment of the same, for the reason that payment had been stopped.

"That said First National Bank caused said check to be protested and notice of protest issued on the 17th day of December, 1929, and on said day said defendant bank received the protest and also had returned to it the said check drawn on said Knightstown bank.

"That said bank has never received payment on said check."

Defendant's answer to plaintiff's complaint was in three paragraphs, the first being a general denial, the second alleging no consideration, and the third alleging that the consideration for the issuance of the cashier's check had failed.

The issues thus being formed, the cause was submitted to the court for trial. The court found for defendant bank and against plaintiff, and it was adjudged by the court that the plaintiff take nothing by his complaint and that the defendant recover of the plaintiff its costs, etc.

Plaintiff filed his motion for a new trial on the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law. The motion was overruled, and the cause is now before this court for our consideration. The error assigned is the overruling of appellant's motion for a new trial.

Appellant contends that, by accepting the cashier's check from appellee, he thereby released the person in-

debted to him and accepted the appellee as his debtor, and, in support of this contention, has cited the case of *Born* v. *First Nat. Bank* (1890), 123 Ind. 78, 24 N. E. 173, 7 L. R. A. 442, 18 Am. St. 312. We have read this case carefully and are fully in accord with the principles stated therein, but we are of the opinion that it is not in point with the instant case. The *Born Case, supra,* sustains the proposition that, where a creditor accepts a check against a depositor's account, and procures such check to be certified by the bank upon which it is drawn, instead of presenting it for payment, the holder of the check thereby, by his own act, makes the bank his debtor and releases the depositor. In the instant case, none of the parties were depositors nor had accounts at appellee's bank. The court, in *Born* v. *First Nat. Bank, supra,* said: "There was no substitution of one debtor for another, in this instance, and the contention of appellant's counsel that there was a novation cannot prevail. The delivery of the check was simply a conditional payment. The release of the original debtor was dependent upon the condition that the check should be honored on presentation. He still remained the debtor, for he was bound for the debt as long as the check remained unpaid. *Culver* v. *Marks*, 122 Ind. 554." The acceptance of a cashier's check from the bank without an express agreement to consider the debt then and there discharged was not an absolute, but a conditional, payment, dependent upon final cash payment of the check, and acceptance of the check, in the absence of such an agreement, did not operate *ipso facto* as a discharge of the debt. *Kraetsch* v. *City of Chicago* (1916), 198 Ill. App. 395; *Dille* v. *White* (1906), 132 Iowa 327, 109 N. W. 909, 10 L. R. A. (N. S.) 510; *Smith* v. *Mills* (1924), 112 Ore. 496, 230 Pac. 350; *Middlekauff* v. *State Banking Board* (1922), 111 Texas 561, 242 S. W. 442; *State* v. *Tyler County*

*State Bank* (1925), 277 S. W. (Texas Com. App.) 625, 42 A. L. R. 1347.

Schultz, by his indorsement, promised the bank that the $500 check would be paid upon presentment, and, if it was not then paid, that he would pay the $500 in return for the bank's promise to pay the two cashier's checks in the sum of $500. The bank has pleaded failure of consideration as it must do under the Negotiable Instrument Law if it relies thereon, and has proved that the check was not paid upon presentment and that it has never received payment upon said check. (This by the agreed statement of facts.) There is here a total failure of consideration. It has been held many times that a promissory note or a bill of exchange must be supported by a consideration, and that a plea of want or failure of consideration is a valid defense in an action between the original parties. *Shireman* v. *Second Nat. Bank* (1919), 72 Ind. App. 256, 124 N. E. 712; Story, Bills of Exchange (4th ed.) §187; *Columbia Nat. Bank* v. *Miller, Admr.* (1919), 70 Ind. App. 187, 120 N. E. 711.

The law does not contemplate that the bank should be forced to sue the indorser and maker here when it can, by the simple method of refusing payment, accomplish all that justice requires and attain the same ultimate result that would be obtained through extended litigation.

Kinder has still retained all he ever had, namely, a right of action against Schultz, which he never relinquished. Having already discussed this subject, we shall not amplify further.

The general rule is that cashier's checks issued against a depositor's account are not subject to countermand except for fraud. When in the hands of a holder in due course, they are irrevocable. This case, however, does not come within this

rule, as here Kinder was one of the original parties and not a holder in due course, nor did either Kinder or Schultz have an account at this bank against which the checks could have been issued.

Finding no reversible error, the judgment of the Hamilton Circuit Court is affirmed.

Neal, C. J., not participating.