FARMERS NATIONAL BANK OF REMINGTON *v.* ROTTGER, RECEIVER.

[No. 26,553. Filed March 6, 1936.]

*Cox, Conder, Bain & Cox* and *Halleck & Halleck,* for appellant.

*Henry M. Dowling,* for appellee.

FANSLER, J.—Appellant filed a petition to have a claim allowed as preferred. It was allowed as a general claim, the preference being denied. The facts are not disputed, and the error assigned questions the correctness of the court's ruling.

It appears that appellant forwarded two $500 public improvement bonds to the City Trust Company for collection. The items were collected with $30 interest, and on the same date the City Trust Company mailed its draft or check, drawn upon the Indiana National Bank, in favor of appellant, for the amount of the collection. This draft or check was received by appellant and sent to one of its correspondent banks for collection. Before presentment for payment to the Indiana National Bank, the City Trust Company suspended business on account of insolvency, of which fact the Indiana National Bank had notice when the draft was presented, and because of which payment was refused. Thereafter appellee was

appointed receiver of the City Trust Company, which is insolvent.

Clause 3 of section 13 of the Bank Collection Code Act (Acts 1929, ch. 164, p. 520, Burns' Supp. 1929, §3861.13) provides: "Where an agent collecting bank other than the drawee or payor shall fail or be closed for business as above, after having received in any form the proceeds of an item or items entrusted to it for collection, but without such item or items having been paid or remitted for by it either in money or by an unconditional credit given on its books or on the books of any other bank which has been requested or accepted so as to constitute such failed collecting or other bank debtor therefor, the assets of such agent collecting bank which has failed or been closed for business as above shall be impressed with a trust in favor of the owner or owners of such item or items for the amount of such proceeds and such owner or owners shall be entitled to a preferred claim upon such assets, irrespective of whether the fund representing such item or items can be traced and identified as part of such assets or has been intermingled with or converted into other assets of such failed bank."

Under the law in this state, as it was before the passage of this act, a collecting bank had the right to commingle the funds which it had collected with its ██ own funds, and as soon as a collection was made the relationship of debtor and creditor arose and a trust relationship did not exist. It is the clear purpose of the Bank Collection Code Statute to change this situation. The collecting bank is made the agent of the forwarding bank, and its assets are impressed with a trust to the extent of any collections made which have not been remitted in money "or by an unconditional credit given on its (collecting bank's) books or on the books of any other bank which (unconditional credit)

has been requested or accepted *so as to constitute such failed collecting or other bank debtor therefor.*" A requested or accepted credit on the books of the collecting bank or another bank is necesssary in order to make the collecting or other bank debtor for the amount collected.

The facts were stipulated, and disclose that the only entries made upon the books of appellee consist of an entry of the receipt of the items for collection, and an entry on its teller's sheet of a memorandum of the receipt of payment of the items and indicating the issuance of a draft covering the collection. If there is anything in this that could be deemed an unconditional credit on the books of the collecting bank, and there is no evidence of any credit of any kind upon the books of any other bank, we are still confronted with an absolute lack of evidence that any such credit has been accepted or requested. It is true that appellant received the draft, which was no more than the check of the collecting bank, drawn upon the Indiana National Bank; but the acceptance of a check is not considered the receipt of payment, since the check is considered as being accepted upon condition that it will afterwards be paid. *Culver, Admx.* v. *Marks* (1890), 122 Ind. 554, 23 N. E. 1086; *Kinder* v. *Fishers National Bank* (1931), 93 Ind. App. 213, 177 N. E. 904. The rule that a check is not payment, and that the acceptance thereof does not wipe out the original obligation, is recognized in a number of sections of the Bank Collection Code Act.

There was therefore no payment or remittance for the items collected, either in money or by unconditional credit upon the books of the collecting bank or another bank requested or accepted by appellant. Therefore the assets of the collecting bank, which has failed, are impressed with a trust in favor of appel-

lant for the amount of the proceeds of the collection, and appellant is entitled to a preferred claim therefor.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.